679 A.2d 760

COMMONWEALTH of Pennsylvania, Appellee,

v.

**Christopher STOCK, Appellant.**

Supreme Court of Pennsylvania.

Submitted Feb. 1, 1996.

Decided June 26, 1996.

14

Mark S. Love, Tannersville, for Stock.

Michael Ryan, Stroudsburg, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

CAPPY, Justice.

The issue presented in this case is whether an appeal nunc pro tunc should be granted to a defendant in a summary

criminal case where his privately retained attorney failed to perfect a timely appeal to the Court of Common Pleas.

The facts which gave rise to this case are as follows. On May 13, 1994, a state trooper filed three traffic citations against Christopher Stock (hereinafter "Appellant") based upon a hit and run car accident. The charges were 75 Pa.C.S.A. § 3743(a); accidents involving damage to an attended vehicle; 75 Pa.C.S.A. § 3744(a), breach of duty to give information and render aid; and 75 Pa.C.S.A. § 3714, careless driving. Appellant hired an attorney to represent him before the District Justice, and a hearing was scheduled for August 19, 1994 at 10:00 a.m.

Prior to the hearing, Appellant was notified by his attorney that the hearing had been or would be continued and that it would not be necessary for Appellant to attend. In fact, the hearing was not continued and Appellant was found guilty in absentia that same day, August 19, 1994. The District Justice imposed 3 separate fines upon Appellant. Thereafter, Appellant notified his attorney of his desire to appeal the conviction rendered in absentia. At the latest, his attorney became aware of Appellant's desire to appeal by September 6, 1994. Appellant's attorney did not file a timely appeal; Appellant's attorney did not file the notice of appeal until September 26, 1994. This was more than 30 days after August 19, within which time the Appellant was required to file a notice of appeal. Pa.R.Crim.P. No. 86(a) ("an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction[.]")

The Commonwealth filed a motion to quash the appeal as untimely. At a hearing on the motion conducted by the Court of Common Pleas, the court quashed the appeal as untimely. Appellant retained a new attorney who filed a petition for permission to file with the Common Pleas Court a summary appeal nunc pro tunc which was subsequently denied by that Court. Appellant's new attorney timely appealed to the Superior Court, which affirmed the Common Pleas Court's denial of the petition to appeal nunc pro tunc. We granted allocatur.

For the reasons which follow, we now reverse the order of the Superior Court.

■ An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal nunc pro tunc. *See, e.g., Commonwealth v. Jarema,* 404 Pa.Super. 121, 590 A.2d 310, (1991).

■ Appellant argues that his first attorney's failure to file the appeal to the Court of Common Pleas in a timely manner constituted ineffective assistance of counsel. We agree. *Commonwealth v. Ritchie,* 298 Pa.Super. 165, 444 A.2d 712 (1982)(failure to timely file an appeal where requested constitutes ineffective assistance of counsel). Moreover, the Commonwealth concedes this very point; "the Commonwealth must concede that the failure to perfect a timely summary appeal is ineffective assistance of counsel." Commonwealth's Brief at p. 8. Furthermore, Appellant relies upon the statement by the Superior Court in *Commonwealth v. Jarema,* 404 Pa.Super. at 123, 590 A.2d at 311 (1991) (quoting the trial court opinion) (citations omitted, emphasis added) that

> [t]he law is clear that an appeal must be filed within thirty (30) days after the entry of the order from which the appeal is taken. That applies to appeals from summary convictions. The only exception is where there are circumstances such as **ineffectiveness of counsel,** fraud, or a breakdown in the court's operations.

*Accord Commonwealth v. Smith,* 348 Pa.Super. 10, 13, 501 A.2d 273, 275 (1985); *Commonwealth v. Frazier,* 324 Pa.Super. 334, 339, 471 A.2d 866, 868 (1984). Appellant essentially argues that counsel's ineffectiveness in failing to timely file an appeal deprived him of his right to appeal, and thus, he should be allowed to appeal nunc pro tunc.

However, the Commonwealth asserts that Appellant did not have a constitutional right to counsel in the summary proceedings before the District Justice, citing *Commonwealth v. Thomas,* 510 Pa. 106, 507 A.2d 57 (1986).[1] Additionally, the Commonwealth asserts that Appellant did not have a right to

1. In *Thomas* this Court stated:

counsel pursuant to Pa.R.Crim.P. No. 316(a)[2] because there was not a likelihood that Appellant would suffer imprisonment as a result of being convicted. Based on the foregoing assertions, the Commonwealth argues that because Appellant had no right to counsel, *a fortiori*, he had no right to effective assistance of counsel and therefore the principles of ineffective assistance of counsel are not applicable here. Essentially, the Commonwealth argues that since Appellant had no right to effective assistance of counsel, Appellant likewise did not have available to him the remedy of an appeal nunc pro tunc, which is meant to vindicate the right to counsel where such a right (be it constitutional or statutory) exists and where counsel fails to timely perfect an appeal.

> there is no requirement, either under the United States Constitution or under the Pennsylvania Constitution that the defendants in all summary cases be provided with counsel.[6] Further, there was no requirement **in this case,** either as a matter of federal or state constitutional law, that either appellant be provided with counsel when he or she was charged with a summary offense, since there was no likelihood that imprisonment would be imposed.
>
> ---
> [6]. Article I, Section 9 of the Pennsylvania Constitution provides that "In all criminal prosecutions the accused hath a right to be heard by himself and his counsel...." This Court has never defined the limits of this right with regard to defendants who have been charged with summary offenses. However, any differences that may exist between the right to counsel granted by the Federal Constitution and the right to counsel granted by the Pennsylvania Constitution are not relevant in this case.

*Thomas,* 510 Pa. at 109–11, 507 A.2d at 59 (emphasis added).

We accept as a matter of federal law that there is no Sixth Amendment right to counsel in summary criminal proceedings where no term of imprisonment is actually imposed, *Thomas,* 510 Pa. at 110, 507 A.2d at 59. We emphasize that this Court has never fully defined the limits of the State Constitutional right to counsel pursuant to Article I, Section 9, in summary proceedings and we decline to do so now. Moreover, even assuming, that the State Constitution does not provide a right to counsel in any summary criminal proceedings where there is no imprisonment imposed, such is not dispositive of the issue presented in the case *sub judice* as we discuss below.

2. Pa.R.Crim.P. No. 316 provides in relevant part that

> **(a) In Summary Cases.** Counsel shall be assigned in all summary cases to all defendants who are without financial resources or who are otherwise unable to employ counsel when there is a likelihood that imprisonment will be imposed.

■ As a general rule, an appeal nunc pro tunc is only granted in civil cases where there was fraud or a breakdown in the court's operations. *West Penn Power Co. v. Goddard*, 460 Pa. 551, 333 A.2d 909 (1975). However, this rule has been expanded to permit appeals nunc pro tunc in instances other than fraud or a breakdown in the court's operations. "In recent years, however, the courts have somewhat liberalized this rigid standard" which required fraud or a breakdown in the court's operation. *Roderick v. Commonwealth of Pa., State Civ. Service Com.*, 76 Pa.Commw. 329, 332, 463 A.2d 1261, 1263 (1983). *See, e.g., Cook v. Unemployment Comp. Bd. of Review*, 543 Pa. 381, 671 A.2d 1130 (1996) (hospitalization of litigant during the running of the appeals period which resulted in the non-negligent late filing of the appeal supplied grounds for granting an appeal nunc pro tunc); *Bass v. Commonwealth*, 485 Pa. 256, 401 A.2d 1133 (1979)(where the conduct of the attorney or his agent is non-negligent and results in the failure to timely file an appeal, an appeal nunc pro tunc should be allowed); *Perry v. Commonwealth of Pa., Unemployment Comp. Bd. of Review*, 74 Pa.Commw. 388, 459 A.2d 1342 (1983)(same); *Tony Grande, Inc. v. W.C.A.B. (Rodriguez)*, 71 Pa.Commw. 566, 455 A.2d 299 (1983)(same); *Walker v. Commonwealth of Pa., Unemployment Comp. Bd. of Review*, 75 Pa.Commw. 116, 461 A.2d 346 (1983)(where Post Office negligently failed to forward referee's decision, which resulted in untimely filing of appeal, the Board of Review erred in not considering this extenuating circumstance when determining the propriety of granting a nunc pro tunc appeal).

■ Furthermore, in criminal cases, where counsel's conduct has adversely affected the right to appeal, courts have granted an appeal nunc pro tunc on the basis that the defendant's right to appeal has been denied. *See, e.g., Commonwealth v. Bronaugh*, 447 Pa.Super. 522, 532 670 A.2d 147, 151 (1996)("If appellant did not waive his right to appeal and requested prior counsel to file a direct appeal but counsel failed to follow such a request, he was deprived of his constitutional right to a direct appeal and is entitled to such appeal *nunc pro tunc*."); *Commonwealth v. Ciotto*, 382 Pa.Super. 458,

460, 555 A.2d 930, 931 (1989)(the court found that failure of trial counsel to file brief in support of post verdict motions "effectively denied [defendant's] right to a direct appeal[.]"); *Commonwealth v. Miranda*, 296 Pa.Super. 441, 447, 442 A.2d 1133, 1136 (1982)("Usually the deprivation of rights claim is premised upon counsel's ineffectiveness either for having failed to take an appeal, despite petitioner's request to do so, or for having failed to pursue on appeal an alleged meritorious claim. In addition to pursuing the claim upon ineffectiveness, the PCHA petitioner can assert denial of his appellate rights . . . .") (citations omitted); *Commonwealth v. Hickman*, 434 Pa.Super. 633, 635, 644 A.2d 787, 788–89 (1994)(evidentiary hearing required to determine if appellant actually requested trial counsel to file an appeal and if appellant had done so, trial counsel's failure to act as requested "deprived appellant of his constitutional right to a direct appeal . . . . [and] appellant should be permitted the right to appeal *nunc pro tunc*.")

 Reading the civil cases and criminal cases together, the principle emerges that an appeal nunc pro tunc is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. *See Commonwealth v. Wilkerson*, 490 Pa. 296, 299, 416 A.2d 477, 479 (1980)("an accused has an absolute right to appeal, Pa. Constitution, Article V, § 9, and counsel can be faulted for allowing that right to be waived. . . ."); *Commonwealth v. Hoyman*, 385 Pa.Super. 439, 443, 561 A.2d 756, 758 (1989)("Once the court has concluded that appellant was denied his right of direct appeal[,] the proper course of conduct would have been to grant appellant leave to file a direct appeal *nunc pro tunc*."). *Accord In the Interest of A.P.*, 421 Pa.Super. 141, 617 A.2d 764 (1992)(en banc), *aff'd per curiam*, 536 Pa. 450, 639 A.2d 1181 (1994). At this juncture, we note that the Constitution of this Commonwealth specifically provides Appellant herein a right to appeal his summary conviction. "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court[.]"

Pa. Const. Art. V, § 9. The District Justice is "a court not of record" within the meaning of the State Constitution.

■■■ Given that the appeal nunc pro tunc is intended to remedy certain extraordinary situations wherein the right of appeal was denied, we must reject the Commonwealth's suggestion that because Christopher Stock did not have a right to counsel before the District Justice, the ineffectiveness of his counsel should not provide grounds for the remedy of a nunc pro tunc appeal. As demonstrated above, the remedy of a nunc pro tunc appeal is intended to vindicate the appellant's **right to appeal** in certain extraordinary situations where that right to appeal has been lost. The remedy of an appeal nunc pro tunc is not as such intended to directly vindicate an appellant's **right to counsel** (be it statutory or constitutional). This becomes apparent when we realize that the remedy of a nunc pro tunc appeal is available to litigants in civil cases as well, where no right to counsel exists.

Thus, the question for our present purposes is not necessarily whether ineffective assistance of counsel merits the remedy of an appeal nunc pro tunc where no right to counsel exists; rather, the pertinent inquiry becomes: Does counsel's failure to file an appeal in a summary case where requested which results in a loss of the Appellant's state constitutional right to appeal amount to such extraordinary circumstances so as to merit the remedy of an appeal nunc pro tunc? We conclude that it does.

Were we to decide that Appellant could not appeal nunc pro tunc despite the fact that his state constitutional right to appeal was denied him, Appellant would have no other recourse. His conviction would stand and he would be without remedy. Appellant is not able to vindicate his right to appeal via the Post Conviction Relief Act since he is not eligible to seek relief thereunder because he is not "incarcerated in this Commonwealth under a sentence of death or **imprisonment or on parole or probation.**" 42 Pa.C.S.A. § 9543(2) (listing requirements to be eligible for relief under the PCRA)(emphasis added). In this regard, we find the reasoning of *In the*

*Interest of A.P., supra,* persuasive and applicable herein. In *A.P.,* a juvenile was adjudicated delinquent and he alleged that he was denied his right to appeal due to counsel failing to timely file an appeal. In *A.P.,* the Superior Court reasoned

> A.P. has no other means of redress; a *nunc pro tunc* appeal is the only means by which a juvenile can challenge the stewardship of his trial counsel because the Post Conviction Relief Act, *supra,* which would be the remedy for an adult is not available to a juvenile. *See In the Interest of DelSignore,* 249 Pa.Super. 149, 375 A.2d 803 (1977).... If the constitutional right to appellate review is to mean anything under these circumstances, it must be protected through a *nunc pro tunc* appeal.

*A.P.,* 421 Pa.Super. at 148, 617 A.2d at 768 (1992). Likewise here, if Appellant's state constitutional right to an appeal is to have any meaning and is to be vindicated, it can only be vindicated by granting him an appeal nunc pro tunc. Furthermore, it would be entirely unfair in the criminal context to permit Appellant's state constitutional right of an appeal to be extinguished solely on the basis of his counsel's failure to timely file the appeal where Appellant had requested an appeal to be filed. *Commonwealth v. Ciotto,* 382 Pa.Super. 458, 461, n. 1, 555 A.2d 930, 931 n. 1 (1989)("dismissal of post-verdict motions on the basis of a procedural default in a criminal case, like a similar dismissal of a criminal appeal, improperly places the entire burden of counsel's errors on the powerless" criminal defendant.) Accordingly, we conclude that the Court of Common Pleas abused its discretion in denying Appellant leave to file an appeal nunc pro tunc from the District Justice, and, therefore, reverse the order of the Superior Court and remand this case for proceedings not inconsistent with this opinion.