J-A31023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DANIEL L. HEISEY | |
| Appellant | No. 859 MDA 2014 |

Appeal from the Order Entered April 22, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-MD-0000268-2014

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 04, 2015**

Daniel L. Heisey appeals from the order entered on April 22, 2014, in the Court of Common Pleas of Lancaster County, dismissing his petition for summary appeal *nunc pro tunc*. Heisey raises eight issues in this timely appeal. Seven of these issues address alleged errors in failing to hold an evidentiary hearing on his petition for re-argument;[1] the eighth issue is a claim the trial court misinterpreted an averment in Heisey's original petition for *nunc pro tunc* relief. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[1] The petition for re-argument was denied without a hearing by order of May 1, 2014. The denial of the petition for re-argument is included in this appeal.

We recite the procedural and factual background of this matter as related by the trial court in its Pa.R.A.P. 1925(a) Opinion:

Defendant Daniel Heisey has appealed to the Superior Court of Pennsylvania from the order dismissing his petition to appeal *nunc pro tunc* entered on April 21, 2014 and the order dismissing his motion for reconsideration entered on May 1, 2014. On appeal [Heisey] alleges 28 errors[2] by the Court, based on the Court's decision not to hold an evidentiary hearing in light of the lack of assertions by [Heisey] that would merit a hearing. This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

On January 13, 2014, [Heisey] was found guilty at a summary trial before Magisterial District Judge Mary Mongiovi Sponaugle for citations received on October 31, 2013 for operating a vehicle without an official certificate of inspection[1] and operating a vehicle while registration is suspended.[2] [Heisey] was not present at the time of the summary trial. Notice of the summary trial had been sent to 271 Prospect Road, Mount Joy, PA 17552, which was the address provided by [Heisey] as his place of business, although not the address on his license. [Heisey's] summary convictions following the trial were sent to 606 Queen Street, York, PA, 17403, which was the address on [Heisey's] Driver's License at the time of the summary trial. On March 28, 2014, [Heisey] filed a Petition for Leave to File Appeal *Nunc Pro Tunc*. In his petition, he argued that although notice of the hearing had been sent to the address he had provided, he had not been advised by anyone at that address of the notice date of the hearing. He also argued that he did not receive notice of the verdict against him until March 18, 2014 when his license was seized as he attempted to change his address on his driver's license.

<sup></sup>[1]75 Pa.C.S. § 4703.
[2]75 Pa.C.S. § 1371.

---

[2] We note the Commonwealth's argument that Heisey's Pa.R.A.P. 1925(b) statement is redundant but neither concise nor coherent. **See** Commonwealth's Brief at 6-7, Pa.R.A.P. 1925(b)(4)(iv).

His petition was denied without a hearing, as he failed to allege evidence of fraud, or a wrongful or negligent act of court official which caused [Heisey] to forgo his right to a timely appeal of conviction. In [Heisey's] motion for reconsideration, he argued that notice of the hearing had never actually been sent to the address he had provided and that the inability of the Commonwealth to prove actual receipt of Notice of the Hearing constitutes a breakdown in the system. The court denied his motion. The instant appeal followed.

Trial Court Opinion, 6/23/2014, at 1-2.

Initially, we note:

An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc*. **Union Electric Corp. v. Board of Property Assessment**, 560 Pa. 481, 746 A.2d 581 (2000). An appeal *nunc pro tunc* is intended to be an extraordinary remedy to vindicate the right to an appeal where that right has been lost due to some extraordinary circumstance. **See Commonwealth v. Stock**, 545 Pa. 13, 679 A.2d 760 (1996). Thus, the pertinent question in this review is whether the right to appeal from his summary convictions was denied Appellant by extraordinary circumstances not of his doing so as to merit the remedy of an appeal *nunc pro tunc*. **Id**.

**Commonwealth v. White**, 806 A.2d 45, 46 (Pa. Super. 2002).

Additionally, as the trial court noted, "Only where there are circumstances such as ineffectiveness of counsel, fraud, or a breakdown in the court's operations is an appeal *nunc pro tunc* justified." **Commonwealth v. Frazier**, 471 A.2d 866, 868 (Pa. Super. 1984).

Because Heisey's allegations regarding the failure to grant a hearing on the petition for re-argument all center on the purported failures of the court to notify him of his hearing date and/or conviction, we will address

Heisey's underlying allegation that the trial court misinterpreted an averment in his petition for leave to file appeal *nunc pro tunc*.

The claim of misinterpretation involves a question of whether he admitted in his original petition that the notice of hearing was sent to his work address, received there, but his employees never informed him of that notice. If Heisey admitted the notice of hearing had been sent and received, but that he simply was unaware of that, then there would be no extraordinary circumstance as to merit *nunc pro tunc* relief. Accordingly, we examine the averments in Heisey's original petition.

3. The Notice of Hearing was sent to [Heisey] by regular mail to 271 Prospect Road, Mount Joy, PA 17552 on December 24, 2013, the address [Heisey] had provided although not the address on his License.

4. During that time the [Heisey] was very busy driving an oil delivery truck for his oil company.

5. The address is that of his place of business.

6. The Petitioner was not advised by his employees of the notice date of the hearing and did not attend. The Hearing was held in his absence on January 13, 2014 and he was found guilty on both charges. The Decisions are attached, marked Exhibit "B" and made part of hereof. They were sent to 606 S. Queen St., York, PA 17403 and [Heisey] represents he did not receive copies in the mail.

Petition to Appeal Nunc Pro-Tunc, 3/28/2014, at 1-2.

In relation to the above averments, the trial court stated:

On December 24, 2013, Notice of the Hearing was sent to [Heisey] by regular mail to that [Mount Joy] address. [Heisey] alleges that he was not advised by his employees of the notice date and so did not attend.

Trial Court Opinion, at 3. We fail to see the misinterpretation by the trial court. The original petition contains no allegations that: the notice was never sent, the notice was never received, any fraudulent activity took place, and/or any other form of trial court breakdown or misadventure took place. The fair reading of Heisey's original petition is that the trial court sent him the notice of hearing to the address he gave the police officer at the time the citation was issued. However, he was very busy at work and none of his employees ever told him the notice had arrived or informed him of the date.

Because Heisey raised no allegations of extraordinary circumstances, the trial court's original denial of the petition for leave to appeal *nunc pro tunc* is supported by the certified record and represents no abuse of discretion.

All of Heisey's subsequent allegations are based upon the premise that he did not admit the notice had been sent and that his employees had simply failed to inform him of the date. As that premise is demonstrably faulty, the remaining issues raised by Heisey are without merit. The trial court is under no obligation to hold a hearing on a demonstrably meritless claim. Accordingly, the trial court did not err or abuse its discretion in denying either the original petition or the petition for reconsideration.

Order affirmed. Motion to Correct the Record granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015