J-A12006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL DREW BANKOFF, | |
| Appellant | No. 1774 EDA 2015 |

Appeal from the Order Entered June 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s).:
CP-51-MD-0003713-2015
CP-51-MD-0004424-2015

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:       **FILED AUGUST 18, 2016**

Appellant, Michael Drew Bankoff, appeals *pro se* from the trial court's order denying his petition seeking leave to file *nunc pro tunc* appeals in the above-captioned cases. After careful review, we affirm.

Appellant was cited at CP-51-MD-0003713-2015 for reckless driving, 75 Pa.C.S. § 3736, and at CP-51-MD-0004424-2015 for driving while operating privilege is suspended or revoked, 75 Pa.C.S. § 1543, for separate instances in which Appellant was pulled over by police in Philadelphia County. Appellant failed to show up for his scheduled court dates on September 11, 2014, and August 18, 2014, respectively. Consequently, in

_____

[*] Former Justice specially assigned to the Superior Court.

each instance, the Traffic Division of the Philadelphia Municipal Court found him guilty *in absentia*. Appellant also failed to appeal each decision within the 30-day window for doing so.

On May 7, 2015, Appellant filed, in the Court of Common Pleas of Philadelphia County, petitions for leave to file *nunc pro tunc* appeals from his *in absentia* convictions. The trial court held a consolidated hearing to address those petitions on June 12, 2015. That same day, the trial court issued an order denying both petitions, from which Appellant timely filed the instant, *pro se* appeal.

On June 22, 2015, Appellant was ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant did not file a timely response, and the trial court issued its Rule 1925(a) opinion on October 1, 2015.[1]

Although Appellant does not set forth a section in his brief describing the question(s) presented for our review,[2] we can ascertain from his brief that he is attempting to challenge the trial court's decision to deny his petitions for leave to file *nunc pro tunc* appeals at CP-51-MD-0003713-2015

_____

[1] Appellant subsequently filed an untimely Rule 1925(b) statement on October 27, 2015.

[2] Appellant's brief is riddled with many additional infractions of the Rules of Appellate Procedure, as well. To scratch the surface, Appellant's brief lacks at least seven of the sections required by Pa.R.A.P. 2111 (dictating that a brief must be divided into "separately and distinctly entitled" sub-parts, and setting forth the required sections).

and CP-51-MD-0004424-2015. Appellant argued below that he did not receive notice of his *in absentia* convictions because he no longer resided at the location where those notices were sent. The trial court determined that Appellant was not entitled to relief because the cause of the late appeal was not due to fraud, a breakdown in the court's operations, or other exceptional circumstances. **See Commonwealth v. Stock**, 679 A.2d 760, 763-64 (Pa. 1996) ("As a general rule, an appeal *nunc pro tunc* is only granted in civil cases where there was fraud or a breakdown in the court's operations[,]" and "[r]eading the civil cases and criminal cases together, the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances.") (italics added).

In his brief, Appellant contends that the trial court misconstrued his argument because he did not merely change residences. Instead, Appellant now argues that he was rendered homeless when he was 'kicked out' of the residence reflected on his driver's license and on the citations at issue.[3] Appellant posits that his homelessness should have been recognized as an exceptional circumstance to the general rule set forth in **Stock**, and that the

---

[3] Appellant claims this argument was made at the June 12, 2015 hearing, but he has failed to ensure that the certified record contains the transcript from that hearing. The trial court indicates that, at least at the time it issued its Rule 1925(a) opinion, Appellant had failed to pay the $35 fee for the transcript. **See** Trial Court Opinion, 10/1/15, at 3 n.1.

trial court abused its discretion by failing to recognize it as such and permit his *nunc pro tunc* appeals on that basis.

The trial court does not directly address this claim, because Appellant failed to file a timely Rule 1925(b) statement.[4] Appellant baldly claims in his untimely Rule 1925(b) statement that the trial court's Rule 1925(b) order was not sent to his address, and also claims that he repeatedly checked the status of his appeal during that time. However, the trial court ordered the Rule 1925(b) statement on June 22, 2015. The deadline for filing a response was July 14, 2015. The trial court did not issue its Rule 1925(a) opinion until October 1, 2015. Appellant filed his untimely Rule 1925(b) statement on October 27, 2015. Appellant did not file a petition requesting permission to file a *nunc pro tunc* Rule 1925(b) statement with the trial court, nor did he request a remand for the filing of a *nunc pro tunc* Rule 1925(b) statement with this Court. Under these circumstances, we are compelled to find Appellant's claim(s) waived for his failure to file a timely

---

[4] The trial court premised its rejection of Appellant's notice claim on the presumption that Appellant had moved residences, rather than Appellant's current factual assertion that he instead became homeless. The record that is available to us supports the trial court's characterization of Appellant's claim. Both of Appellant's petitions for leave to file *nunc pro tunc* appeals at CP-51-MD-0003713-2015 and CP-51-MD-0004424-2015 do not assert Appellant's homelessness, but instead state that he "moved from [his] residence and was never notified for court." **See** Petition for Permission to *Appeal Nunc Pro Tunc*, 5/7/15, at 1 (single page) (CP-51-MD-0003713-2015); **see also** Petition for Permission to *Appeal Nunc Pro Tunc*, 5/7/15, at 1 (single page) (CP-51-MD-0004424-2015).

Rule 1925(b) statement.[5]   *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."); *see also* *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005) (holding that a "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised").

Order *affirmed*.

_____

[5] We also note that we could have found Appellant's claims waived for other reasons as well.  For instance, Appellant utterly failed to comply with the Rules of Appellate Procedure with regard to the form and content of his brief. *See* fn. 2; Pa.R.A.P. 2101 ("Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.").  Moreover, Appellant failed to ensure that the certified record contained a transcript of the June 12, 2015 hearing.  As we have noted previously:

> It is appellant's duty to supply this court "with a record which is sufficient to permit a meaningful appellate review." *Boyle v. Steiman*, 429 Pa.Super. 1, 11, 631 A.2d 1025, 1030 (1993).  Failure to ensure that the record provides sufficient information to conduct a meaningful review "constitutes waiver of the issue sought to be reviewed." *Id*.  Where portions of a proceeding are unrecorded, appellant's burden to supply a record may be satisfied through the statement in absence of transcript procedures. *See* Pa.R.A.P. 1923.

*Commonwealth v. Rovinski*, 704 A.2d 1068, 1073 (Pa.Super. 1997).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016