J-S59043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| SHALANA COLEEN SMITH | |
| Appellant | No. 493 EDA 2017 |

Appeal from the Order January 9, 2017
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-SA-0000033-2016

BEFORE: BENDER, P.J.E., OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:            **FILED OCTOBER 25, 2017**

Appellant, Shalana Coleen Smith, appeals from an order denying her petition to appeal *nunc pro tunc* from her summary conviction in magisterial district justice court for disorderly conduct.[1]  The sole issue in this appeal is whether the Pike County Court of Common Pleas ("trial court") abused its discretion in denying Appellant leave to appeal *nunc pro tunc.*  Pursuant to **Commonwealth v. Stock**, 679 A.2d 760 (Pa. 1996), we conclude that the trial court abused its discretion, and we reverse and remand to the trial court for reinstatement of Appellant's appeal from her summary conviction.

On September 12, 2016, a magisterial district justice found Appellant guilty of disorderly conduct, graded as a summary offense.  Pet. For Appeal

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 5503(a)(1).

From Summary Conviction *Nunc Pro Tunc*, 11/23/16, at ¶ 2.  On September 28, 2016, Appellant hired counsel for the purpose of appealing her summary conviction.  *Id.* at ¶ 3.  Appellant's thirty-day deadline for appealing her summary conviction to the trial court was Wednesday, October 12, 2016.  *Id.* at ¶ 4.  At some point after October 12, 2016, counsel contacted the trial court to inquire when Appellant's case was scheduled for trial.  *Id.* at ¶ 7.  Counsel learned at that point that no appeal was on the docket.  *Id.* at ¶ 6.

On November 23, 2016, Appellant filed a petition in the trial court for leave to file an appeal from her summary conviction *nunc pro tunc.*  During a hearing on this petition, without offering any evidence, counsel for Appellant argued that (1) his office mailed a notice of appeal and a check for the filing fee to the Clerk of Court on September 28, 2016, the date Appellant retained him, (2) the check was never returned, leading counsel to believe that the Clerk had docketed the appeal, and (3) the failure to docket the appeal constituted a breakdown in the operations of the court.  N.T., 12/7/16, at 3-4, 6-7.

On January 9, 2017, the trial court entered an order denying Appellant leave to appeal *nunc pro tunc*.  Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.[2]  The trial

---

[2] On February 28, 2017, the deadline for Appellant's Pa.R.A.P. 1925(b) statement, Appellant filed her statement electronically with this Court instead of in the trial court (the proper forum).  Pennsylvania law treats documents filed in the wrong court as having been filed in the correct court

court concluded that it "did not receive [Appellant's] [n]otice of [a]ppeal" within the thirty-day appeal period. Trial Ct. Op., 3/31/17, at 3. The court continued:

> [Appellant]'s counsel failed to present evidence that non-negligent circumstances led to the failure to file and docket the notice of appeal in a timely manner. Counsel avers that he mailed the notice of appeal to the [Clerk of Court] thirteen (13) days before the deadline yet he failed to establish proof of mailing of the notice or receipt of the same by the [Clerk]. [Appellant] failed to present any evidence of receipt of the notice of appeal by the [Clerk,] such as a certified mail receipt or other indicia of receipt by that office. Counsel learned of the filing deficiency through his client, [Appellant,] after the filing deadline had passed . . . .
>
> The [c]ourt afforded the parties an opportunity to present any testimony and evidence at the December 7, 2016 hearing. [Appellant] presented no testimony or evidence in support of her Petition. Although defense counsel presented oral argument based on [Appellant]'s Petition, such argument does not constitute evidence and, as such, there is no evidentiary record to support [Appellant]'s claims for relief.

*Id.* at 4.

Appellant raises one issue in this appeal:

> Did the lower court err in denying [Appellant] *nunc pro tunc* relief to file her summary appeal as [Appellant's] appeal was not filed due to a breakdown in the court's operations?

---

on the date of filing in the wrong court. *See* 42 Pa.C.S. § 5103(a). Consequently, we deem Appellant to have filed her Pa.R.A.P. 1925(b) statement in the trial court on February 28, 2017.

Appellant's Brief at 4. "An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc*." ***Stock***, 679 A.2d at 762 (citation omitted).

An appeal from a summary conviction "shall be perfected by filing a notice of appeal within 30 days after the entry of . . . the conviction[.]" Pa.R.Crim.P. 460(A). We agree with the trial court that Appellant failed to present any evidence that her attorney mailed the notice of appeal to the trial court prior to the thirty-day deadline on October 12, 2016. Nevertheless, in view of ***Stock***, we hold that the trial court abused its discretion by denying Appellant leave to appeal her summary conviction *nunc pro tunc*.

In ***Stock***, a district justice found defendant Stock guilty of three summary traffic offenses and sentenced him to pay three separate fines. Stock directed his attorney to appeal the summary conviction to the court of common pleas, but the attorney failed to do so in a timely manner, resulting in quashal of the appeal. The trial court denied Stock's motion to appeal *nunc pro tunc*, and this Court affirmed.

Our Supreme Court reversed and reinstated Stock's appeal. The Court observed that defendants enjoy an "absolute right to appeal" under Article V, section 9 of the Pennsylvania Constitution, and "an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances." ***Id.*** at 764

(citations omitted). The Court reasoned that Stock would lose his absolute

right of appeal unless he received leave to appeal *nunc pro tunc*:

> Were we to decide that [a]ppellant could not appeal *nunc pro tunc* despite the fact that his state constitutional right to appeal was denied him, [a]ppellant would have no other recourse. His conviction would stand and he would be without remedy. Appellant is not able to vindicate his right to appeal via the Post Conviction Relief Act[3] since he is not eligible to seek relief thereunder because he is not "incarcerated in this Commonwealth under a sentence of death or **imprisonment or on parole or probation.**" 42 Pa.C.S.A. § 9543(2) (listing requirements to be eligible for relief under the PCRA) (emphasis added). In this regard, we find the reasoning of ***In the Interest of A.P.,*** [617 A.2d 764 (Pa. Super. 1992) (*en banc*)] persuasive and applicable herein. In ***A.P.,*** a juvenile was adjudicated delinquent and he alleged that he was denied his right to appeal due to counsel failing to timely file an appeal. In ***A.P.,*** the Superior Court reasoned
>
>> A.P. has no other means of redress; a *nunc pro tunc* appeal is the only means by which a juvenile can challenge the stewardship of his trial counsel because the [PCRA] . . . which would be the remedy for an adult is not available to a juvenile. ***See In the Interest of DelSignore***, [] 375 A.2d 803 ([Pa. Super.] 1977) . . . . If the constitutional right to appellate review is to mean anything under these circumstances, it must be protected through a *nunc pro tunc* appeal.
>
> ***A.P.,*** [617 A.2d at 768]. Likewise here, if [a]ppellant's state constitutional right to an appeal is to have any meaning and is to be vindicated, it can only be vindicated by granting him an appeal *nunc pro tunc*. Furthermore, it would be entirely unfair in the criminal context to permit [a]ppellant's state constitutional right of an appeal to be extinguished solely on the basis of his counsel's failure to timely file the appeal where [a]ppellant had requested an appeal to be filed. ***Commonwealth v. Ciotto***, [] 555

---

[3] 42 Pa.C.S. §§ 9541-46 (referred to below as the "PCRA").

- 5 -

A.2d 930, 931 n.1 ([Pa. Super.] 1989)("dismissal of post-verdict motions on the basis of a procedural default in a criminal case, like a similar dismissal of a criminal appeal, improperly places the entire burden of counsel's errors on the powerless" criminal defendant.) . . .

*Id.*, 679 A.2d at 764-65.[4]

*Stock* controls the outcome of this case. As in *Stock*, (1) the magisterial district justice herein found Appellant guilty of a summary offense and sentenced her to pay a fine; (2) Appellant hired counsel to appeal her summary conviction; but (3) counsel failed to appeal to the trial court within the thirty-day appeal period. Appellant cannot seek relief under the PCRA, because she is not serving a sentence of imprisonment or death and is not on parole or probation. Thus, as in *Stock*, the only way to vindicate Appellant's constitutional right of appeal is to grant her leave to appeal her summary conviction *nunc pro tunc*. The trial court abused its discretion in denying such leave to Appellant.

Order reversed. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

---

[4] For the sake of completeness, we note that *Stock* is limited in application. *See Commonwealth v. Hall*, 771 A.2d 1232, 1235-36 (Pa. 2001) (where defendant was serving sentence of imprisonment at time counsel allegedly failed to file direct appeal, defendant's sole remedy was through PCRA, not motion for leave to appeal *nunc pro tunc*; *Stock* is distinguishable because "the defendant [in *Stock*] was **never** eligible for relief under the PCRA" because he served sentence of imprisonment or was on parole or probation). Nevertheless, our Supreme Court continues to recognize that *Stock* controls when, as here, the defendant is "never eligible" for relief under the PCRA. *Commonwealth v. Descardes*, 136 A.3d 493, 502 (Pa. 2016).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2017