J-S19044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
GEORGE A. RUTLEDGE, JR. :
:
Appellant : No. 232 WDA 2021

Appeal from the Order Entered February 5, 2021
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000031-2019

BEFORE: DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED: July 19, 2021**

George A. Rutledge, Jr. (Rutledge) appeals the order of the Court of

Common Pleas of Jefferson County (PCRA court) denying his motion to

reinstate his appeal, *nunc pro tunc*. In 2019, Rutledge entered into a

negotiated guilty plea as to one count of possession of a firearm by a

prohibited person, and in accordance with the plea, he was sentenced to a

prison term of 5 to 10 years.

Rutledge thereafter filed a petition pursuant to the Post-Conviction

Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking to vacate his plea or

modify his sentence. The PCRA court denied the petition, but a notice of

appeal was not docketed within the 30-day period in which to file an appeal.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The PCRA court denied Rutledge's subsequent motion to reinstate his appellate rights and he then timely appealed the order denying reinstatement. Because the record reflects that Rutledge lost his appellate rights due to a clerical error, the PCRA court's order must be reversed.

## I.

On December 30, 2018, police executed a search warrant in Rutledge's home. Due to previous criminal convictions, Rutledge was prohibited from possessing firearms. However, during a search of his residence, police recovered multiple firearms and ammunition.

Rutledge was charged with two counts of possession of a firearm by a prohibited person, and with the benefit of counsel, on June 5, 2019, he negotiated a sentence of 5 to 10 years in exchange for a guilty plea on one count and a *nolle prosequi* as to the remaining count. Rutledge did not file any post-sentence motions nor did he timely file a direct appeal within 30 days from entry of the judgment of sentence. *See* Pa.R.A.P. 903(a) (notice of appeal shall be filed within 30 days after entry of order from which appeal is taken).

On February 11, 2020, Rutledge filed his first petition for PCRA relief asserting a dozen or so claims. He argued mainly that his plea should be vacated because the affidavit of probable cause and warrant leading to his arrest were invalid. Rutledge was appointed counsel, who submitted a no-

- 2 -

merit letter thoroughly outlining why all the claims were frivolous, as well as a petition to withdraw from the case.

The PCRA court granted counsel's request to withdraw and pursuant to Pa.R.Crim.P. 907, Rutledge was notified that his petition would be summarily denied within 20 days. *See* PCRA Court Order, 3/24/2020, at 1. The petition was denied and Rutledge did not file an appeal.

Rutledge filed the PCRA petition now at issue on June 5, 2020. In this second petition, Rutledge reasserted his earlier PCRA claim that the police relied on a defective arrest warrant when taking him into custody. He also added that the negotiated guilty plea he entered in 2019 was involuntary due to a mental health condition. The requested remedy was a modified sentence, reducing the range from 5 to 10 years to 2.5 to 5 years.

Counsel was again appointed, but shortly after the appointment, PCRA counsel moved to withdraw from the case. Counsel asserted that Rutledge's claims were all time-barred, previously waived or litigated and without merit. He explained that the record did not support Rutledge's claims that his plea was involuntary and that the evidence of his mental illness had previously been unavailable. The psychiatric records Rutledge relied on as grounds to prove his claim of involuntariness were known to him and accessible at the time he entered his plea and at the time he filed his first PCRA petition, rendering the current claim waived.

The PCRA court issued a notice of its intent to summarily dismiss Rutledge's second PCRA petition and also permitted PCRA counsel to withdraw. Rutledge filed a response disputing the availability of psychiatric records, the effectiveness of his counsel and the injustice of his conviction.

On October 5, 2020, the PCRA court denied Rutledge's second PCRA petition. The order denying the petition advised Rutledge that he had 30 days from the date of the order to file and serve a notice of appeal.

Within 30 days, on October 28, 2020, Rutledge sent a letter to the Jefferson County Prothonotary's Office stating that he was appealing the PCRA court's order to this Court and that he would be doing so *in forma pauperis*. The letter reads:

> This correspondence is in regards to notification concerning my appeal to the Superior Court of the Western District of Pittsburgh, PA: I am notifying the Jefferson County Court, that at this time I will be filing to the Superior Court -- In Forma Pauperis concerning my appellate process, under the Equal Protection Clause. Thank you for your time concerning said matter.

Petitioner's Correspondence to Prothonotary, 10/28/2020, at 1.

Rutledge followed up with the Prothonotary's Office on November 4, 2020, to give further notice that he would be "forwarding [his] appeal to the Superior Court." That same day, the Prothonotary's Office sent a response to Rutledge, advising that before he could go forward with his appeal without paying filing fees, he would first have to obtain a designation of *in forma pauperis* from the PCRA court. Rutledge was also advised that his previous letter was styled as a motion to proceed *in forma pauperis*, and that a copy

- 4 -

would be sent to the PCRA court and the prosecutor. The PCRA court granted Rutledge's request to proceed *in forma pauperis* on November 25, 2020.

On January 8, 2021, the Prothonotary sent Rutledge a letter informing him that he had missed the deadline for filing his appeal and advising how his appellate rights could be reinstated:

> According to our records, we have not received a Notice of Appeal from you. Enclosed is the order dismissing your [second] PCRA Petition. You had 30 days from the date it was filed to file a Notice of Appeal in our Office. Unfortunately, you will need to file a "Motion to Reinstate Appellate Rights Nunc Pro Tunc." If this motion is granted you can file your Notice of Appeal.

Correspondence From Prothonotary, 1/8/2021, at 1.

On January 12, 2021, Rutledge filed a motion to reinstate his right to appeal the denial of his second PCRA petition, *nunc pro tunc*. He argued that he had believed he satisfied the procedural requirements for filing an appeal via his October 28, 2020 correspondence to the Prothonotary's Office.

The PCRA court denied Rutledge's motion for reinstatement of his appellate rights on January 22, 2021. This order effectively barred Rutledge from appealing the denial of his second PCRA petition. On February 2, 2021, he renewed his request for reinstatement of his appeal. For a second time, on February 5, 2021, the PCRA court denied this request.

On February 11, 2021, Rutledge filed a notice of appeal challenging the denial of reinstatement of his appellate rights. The PCRA court then issued a 1925(a) opinion explaining why the order denying reinstatement be affirmed. **See** PCRA Court 1925(a) Opinion, 3/9/2021, at 1.

**II.**

The merits of Rutledge's PCRA claims are not before us;[1] the only issue in this appeal is whether the PCRA court erred in denying Rutledge's motion to reinstate his appellate rights, *nunc pro tunc*.[2] Rutledge's second PCRA petition was denied on October 5, 2020, giving him until November 5, 2020, to file an appeal. **See** Pa.R.A.P. 903(a) ("[T]he notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken.").

Within that time frame, Rutledge sent correspondence to the Prothonotary clearly indicating his intent to give "notification concerning [his] appeal to the Superior Court[.]" This was a notice of appeal and it should have been accepted as such. However, the Prothonotary did not docket Rutledge's letter as a notice of appeal. Instead, and inconsistent with the substance of the letter, the Prothonotary docketed the correspondence only

---

[1] The Commonwealth has not filed a brief in this appeal. Rutledge has filed a *pro se* brief in which he raises issues concerning the validity of his conviction and the merits of his underlying PCRA claims. He also argued that he timely filed his notice of appeal and that an appeal *nunc pro tunc* would be needed to remedy the clerical error that caused the loss of his appellate rights.

[2] "An abuse of discretion standard governs our review of the propriety of a grant or denial of an appeal *nunc pro tunc.*" **Commonwealth v. Stock**, 679 A.2d 760, 762 (Pa. 1996).

as a motion to proceed *in forma pauperis*.[3]  It was not until the 30-day period for filing an appeal had already ended that Rutledge was informed that a notice of appeal had not been recorded in the case file, precluding appellate review.

On the advice he received from the Prothonotary, Rutledge then sought to have his appellate rights reinstated.  The PCRA court denied reinstatement, likely because it lacked the benefit of the entire record, including the correspondence between Rutledge and the Prothonotary showing that he, in fact, filed a timely notice of appeal.[4]  It was unnecessary for Rutledge to file another notice or take any other action, as it would have been superfluous.

"[A]n appeal *nunc pro tunc* is intended to vindicate the right to an appeal here that right has been lost due to certain extraordinary circumstances."

---

[3] The Prothonotary's stated rationale for construing Rutledge's October 28, 2020 correspondence as only a motion to proceed *in forma pauperis* was that the letter bore that title.  However, on closer scrutiny, it appears that this title was written in a different color of ink and in different handwriting than the rest of Rutledge's letter.  The only reasonable explanation is that Rutledge did not write that title or intend his correspondence to be construed narrowly as only a request to waive appellate filing fees.  The first line copied below is the title of Rutledge's letter, and the second line copied is taken from the January 8, 2021 letter written to Rutledge by the Prothonotary:

Motion to Proceed In Forma Paupers

Motion to Proceed     In Forma Paupers

[4] As to the PCRA court's two orders denying Rutledge's motion for reinstatement of appellate rights entered on January 22, 2021, and February 5, 2021, the notice of appeal is timely.  Rutledge filed the notice on February 11, 2021, which was within 30 days of both orders.

*Commonwealth v. Stock*, 679 A.2d 760, 764 (Pa. 1996). A petition seeking restoration of PCRA appellate rights *nunc pro tunc* must be treated as a subsequent PCRA petition. *Commonwealth v. Fairiror*, 809 A.2d 396, 397 (Pa. Super. 2002); *Commonwealth v. Lantzy*, 736 A.2d 564, 571 (Pa. 1999). As such, "all requests for reinstatement of appellate rights, including PCRA appellate rights, must meet the timeliness requirements of the PCRA." *Fairiror*, 809 A.2d at 397.

"Under the PCRA itself, the PCRA court has the inherent authority to grant a *nunc pro tunc* appeal to remedy a due process violation occurring in the prior appeal." *Commonwealth v. Koehler*, 229 A.3d 915, 942 (Pa. 2020). An administrative breakdown in court operations causing a PCRA petitioner to lose his appellate rights is a constitutional violation which satisfies the governmental interference and newly discovered fact exceptions of the PCRA, which are set forth in 42 Pa.C.S. § 9545(b)(1)(i) and (ii), respectively. *See id*. at 932 (reinstatement of PCRA appellate rights justified by a "breakdown in the prior process caused by an error of constitutional magnitude."); *Commonwealth v. Blackwell*, 936 A.2d 497, 500 (Pa. Super. 2007) (holding that PCRA court's erroneous notice to petitioner amounted to

governmental interference meeting timeliness exceptions to the PCRA); *see also Commonwealth v. Smith*, c, 1173 n.2 (Pa. Super. 2018) (same).[5]

Here, the record demonstrates that a breakdown of court operations caused Rutledge to lose his appellate rights in this case. Rutledge timely filed a notice of appeal on October 28, 2020. A clerical error prevented the notice of appeal from being properly docketed.

Pa.R.Crim.P. 576(A)(3) requires the Prothonotary to accept all written motions presented for filing and to make a docket entry reflecting the date of receipt. Courts are obligated to liberally construe the procedural rules, and "may disregard any error or defect of procedure which does not affect the substantial rights of the parties in interest." Pa.R.C.P. 126. Rutledge's notice was not docketed or liberally construed as these rules require.

Accordingly, Rutledge is entitled to an appeal *nunc pro tunc* and the PCRA court's order denying that relief must be reversed. In so holding, however, we stress that we make no comment on the merits of Rutledge's

---

[5] Where a petition is filed after the expiration of the one-year filing period, a petitioner may only avail himself of the PCRA if he satisfies an exception to its time-bar. The "newly discovered facts" exception is satisfied where a petitioner pleads and proves "the facts upon which the [PCRA] claim is predicated were unknown to the petitioner[,] and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S. § 9545(b)(1)(ii). Another exception is satisfied where it is shown that the failure to raise a claim previously was caused by "interference by government officials." 42 Pa.C.S. § 9545(b)(1)(i).

PCRA claims because such issues are outside the ambit of the order now under review.

On remand, the Jefferson County Prothonotary is directed to correct the case docket so that it reflects Rutledge's timely filing of his notice of appeal on October 28, 2020. Both Rutledge and the Commonwealth will then be given a standard appellate briefing schedule, putting both parties back into the position they would have been in had the breakdown in court operations never occurred.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/19/2021