J-S01023-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN ROBERT CURTIS | : | |
| | : | |
| Appellant | : | No. 1030 MDA 2023 |

Appeal from the Judgment of Sentence Entered November 4, 2011
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003035-2011

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: MAY 3, 2024**

John Curtis appeals from the judgment of sentence after he pled guilty to retail theft and conspiracy.[1]  He claims, and the trial court concedes, that it abused its discretion when it denied his motion to file a post-sentence motion *nunc pro tunc*.  Upon review, we reverse and remand.

In August 2011, Curtis, along with two co-defendants, was arrested for stealing multiple video games from a Walmart in Berks County.  On September 28, 2011, Curtis entered an open guilty plea to retail theft and conspiracy to commit retail theft.

On November 4, 2011, the trial court held Curtis' sentencing hearing. The court determined that the total restitution amounted to $3,777.36.  As a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3929(a)(1) and 903(a)(1).

result of this finding, the offense gravity score for both offenses was graded as a 5. Based on this and Curtis' prior record score of 3, the applicable sentencing guidelines recommended a standard range sentence of 6 to 16 months incarceration for each offense. The trial court sentenced Curtis to an aggregate sentence of 28 months to 14 years' incarceration: 16 months to 7 years' incarceration for retail theft; and a consecutive sentence of 12 months to 7 years' incarceration for conspiracy. Additionally, the court ordered that Curtis was prohibited from being on any property owned or operated by Walmart, and that he pay restitution in the amount of $3,777.36 and a fine of $500.00.

Following imposition of sentence, Curtis was informed of his post-sentence rights. Counsel discussed with Curtis at that time whether he wanted to file a post-sentence motion, but he indicated that he did not, stating "no, no, no, I just want it to be done. It's fine. I just want it to be done."

Curtis changed his mind three days later, and, on November 7, 2011, he filled out a "Request for Information/Assistance" form at the jail, indicating his desire to appeal. On November 14, 2011, Curtis sent this form to the public defender's office.[2]

On November 16, 2011—two days after the 10-day deadline for filing a post-sentence motion, Curtis' counsel filed a motion for leave to file a post-

---

[2] Curtis sent the form there even though his attorney was not employed by that office and the court notified him of counsel's contact information, which he received.

sentence motion *nunc pro tunc*. Therein, counsel indicated that she did not learn of Curtis' letter to the public defender's office until November 15, 2011, shortly after she returned from vacation. On November 18, 2011, the trial court denied Curtis' motion as untimely and therefore did not consider the merits of it. Counsel took no further action because Curtis' only issue related to the discretionary aspects of sentencing, which had not been preserved.

On October 22, 2012, Curtis filed a timely *pro se* Post Conviction Relief Act[3] petition. Less than one week later, the court received a letter from the Pennsylvania Board of Probation and Parole indicating that Curtis was being considered for parole. Curtis was released on state parole, and the court received no further communication from him. The court did not address Curtis' PCRA petition.

Eight years later, in October 2020, the court discovered that Curtis was reincarcerated for allegedly violating the terms and conditions of his parole in this case. The court appointed PCRA counsel who filed an amended PCRA petition principally claiming that plea counsel was ineffective for failing to file an appeal. After a hearing, the PCRA court denied Curtis' petition on December 14, 2021.

_____

[3] 42 Pa.C.S.A. §§ 9541-9546.

Curtis timely appealed the denial of his request for PCRA relief to this Court. Counsel filed an **Anders** brief and application to withdraw as counsel. The only issue PCRA counsel identified was whether plea counsel was ineffective for failing to file a direct appeal.

Upon review, a panel of this Court observed that when plea counsel learned Curtis wanted to appeal, she filed a *nunc pro tunc* post-sentence motion instead of an appeal. When that motion was denied, counsel took no further action. We noted however that Curtis' attorney could have "challenged the trial court's denial of the *nunc pro tunc* post-sentence motion on direct appeal, regardless of the merits of any potential discretionary aspects of sentencing claims[]" or filed an **Anders** brief if she believed there were no meritorious issues. **Commonwealth v. Curtis**, 287 A.3d 855, *5 fn. 8, 9 (Pa. Super. 2022). We therefore concluded that Curtis' plea counsel was *per se* ineffective, and that the PCRA court erred in denying Curtis relief. **Id.** at *5.

We further disagreed with PCRA counsel's determination that Curtis' appeal was frivolous. Consequently, we vacated the PCRA court's order, denied counsel's request to withdraw, and remanded to the PCRA court to reinstate Curtis' direct appellate rights *nunc pro tunc*. **Id.**

Following reinstatement of those rights, Curtis filed this timely direct appeal. He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

On appeal, Curtis raises the following two issues:

- 4 -

A. Whether the trial court abused [its] discretion by not allowing the post-sentence motion to be heard on the merits, as it was only two days late and that lateness was not the fault of the defense?

B. Whether the sentencing court abused [its] discretion in sentencing [Curtis] using the wrong offense gravity score, in sentencing him consecutively, and by refusing to consider his rehabilitative needs?

Curtis' Brief at 5.

In his first issue, Curtis claims that the trial court abused its discretion when it originally denied his request to file a post-sentence motion *nunc pro tunc* in 2011. Specifically, Curtis argues that the motion was only two days late. He further maintains that the delay was due to the difficultly he had in contacting his attorney who did not work for the public defender's office, his attorney's vacation, and a court holiday. Curtis' Brief at 20-21. According to Curtis, given these circumstances, the court should have granted his motion.

Initially, we note that the requirements to request *nunc pro tunc* relief are distinct from the underlying post-sentence motion. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1128–29 (Pa. Super. 2003) (*en banc*). A post-sentence motion must be filed within ten days of sentencing. Pa.R.C.P. 720(A)(1). A party seeking to file a post-sentence motion *nunc pro tunc* must adhere to the following:

> To be entitled to file a post-sentence motion *nunc pro tunc,* a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing . . . When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*. If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court

- 5 -

must do so expressly. In employing the above line of reasoning, we find instructive cases dealing with the restoration of direct appeal rights *nunc pro tunc*. In **Commonwealth v. Stock**, 679 A.2d 760, 764 (Pa. 1996) for instance, our Supreme Court opined that in order for an appeal *nunc pro tunc* to be granted, the appellant would have to show an extraordinary circumstance wherein a direct appeal by right was lost. **Accord, Commonwealth v. Peterkin**, 722 A.2d 638, 643 n. 7 (Pa. 1998). Similarly, in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

**Dreves**, 839 A.2d at 1128. "[T]he decision to allow the filing of a post-trial motion *nunc pro tunc* is vested in the discretion of the trial court and that we will not reverse unless the trial court abused its discretion." **Id.**

Here, as noted above the trial court concedes that it should have entertained Curtis' post-sentence motion given the circumstances of this case. It explained, "In making this determination we rely on the position that consideration must be given to the overall circumstances surrounding the late submission of the post-sentence motion, and whether efforts have been made to correct the late filing [] soon after the deadline. . . ." Trial Court Opinion, 8/15/23, at 4. The court observed that Curtis made a timely request and plea counsel — who had just returned from vacation -- immediately filed the *nunc pro tunc* request, just two days after it was due. Consequently, the court concluded that neither Curtis nor counsel was "negligent" in seeking to preserve his sentencing claim and the delay in filing Curtis' post-sentence motion was excused. **Id.** at 5.

We agree that the trial court's initial denial of Curtis' *nunc pro tunc* request was manifestly unreasonable and therefore an abuse of discretion. As such, we reverse the trial court's order denying Curtis' motion for leave to file a post-sentence motion *nunc pro tunc*. The trial court shall permit Curtis to file his post-sentence motion, *nunc pro tunc*, and consider the merits of it. Based on this disposition, we do not reach Curtis' second appellate issue.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/3/2024