J-S40004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GRANT EPPS ROYSTER, | : | |
| | : | |
| Appellee | : | No. 1853 EDA 2017 |

Appeal from the PCRA Order June 2, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0002198-2015

BEFORE: LAZARUS, J., DUBOW, J., and PLATT, J.*

MEMORANDUM BY DUBOW, J.:                          **FILED OCTOBER 01, 2018**

The Commonwealth appeals from the June 2, 2017 Order entered in the Montgomery County Court of Common Pleas purportedly dismissing Appellee Grant Epps Royster's first Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, but reinstating Appellee's direct appeal rights *nunc pro tunc*. Because Appellee's maximum sentence has expired, he is ineligible for relief under the PCRA. Accordingly, we reverse.

The PCRA court set forth the underlying facts and we need not repeat them in detail. **See** PCRA Court Opinion, filed 10/20/17, at 1-5. After a bench trial, the court found Appellee guilty of Driving While Operating Privilege is Suspended or Revoked[1] in connection with a hit-and-run car accident. On

---

[1] 75 Pa.C.S. § 1543.

---

* Retired Senior Judge assigned to the Superior Court.

April 21, 2016, the trial court sentenced Appellee to an aggregate term of two to six months' incarceration. Appellee did not file a direct appeal.

On August 16, 2016, Appellee filed the instant *pro se* PCRA Petition, his first, alleging ineffective assistance of counsel because counsel purportedly failed to file a requested direct appeal. The PCRA court appointed counsel, and counsel filed an Amended PCRA Petition on January 3, 2017, seeking the reinstatement of Appellee's appeal rights.

On May 26, 2017, the Commonwealth filed a Motion to Dismiss Appellee's PCRA Petition, asserting that, because Appellee's sentence had expired in October 2016,[2] he was no longer eligible for PCRA relief. Commonwealth's Motion to Dismiss, 5/26/17, at 2-4.

On June 1, 2017, the PCRA court held an evidentiary hearing at which the parties agreed that Appellee had requested a direct appeal, but counsel had failed to file one "for reasons unknown[.]" N.T., 6/1/17, at 2. During the evidentiary hearing, and in its Pa.R.A.P. 1925(a) Opinion, the PCRA court acknowledged the expiration of Appellee's sentence and specifically concluded that Appellee "does not qualify for PCRA relief." Trial Court Opinion, 10/17/17, at 9. **See also** N.T., 6/1/17, at 4 (opining that the PCRA "no longer applies

---

[2] According to the docket sheet and the sentencing transcript, Appellee received three days' time credit because the trial court had revoked Appellee's parole before issuing its verdict several days later. Thus, the trial court stated that April 19, 2016, was Appellee's "[c]ommitment date[.]" N.T. Sentencing, 4/21/16, at 6.

to [Appellee] because he has fully served his sentence.").  Nevertheless, the PCRA court entered an Order that same day granting Appellee's PCRA Petition and reinstating Appellee's direct appeal rights *nunc pro tunc*.  The next day, the PCRA court vacated the Order and entered a new Order that dismissed Appellee's Amended PCRA Petition, but still reinstated Appellee's direct appeal rights *nunc pro tunc*.[3]  **See** Order, dated 6/2/17.

The Commonwealth filed a timely Notice of Appeal from the PCRA court's June 2, 2017 Order.  Both the Commonwealth and the PCRA court complied with Pa.R.A.P. 1925.[4]

The Commonwealth presents one issue for our review:

> Whether the [PCRA] court erred by reinstating [Appellee's] direct appeal rights based on an ineffectiveness claim where the court did not have jurisdiction under the PCRA, and where there was no other source of jurisdiction because more than thirty days had elapsed since the court imposed [Appellee's] judgment of sentence?

Commonwealth's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of

---

[3] The court noted in its Rule 1925(a) Opinion that "[i]n an effort to facilitate the goals of fundamental fairness and justice, this [c]ourt felt constrained to afford some avenue of relief to [Appellee]."  Trial Court Opinion, 10/17/17, at 9.

[4] Once the court reinstated his direct appeal rights *nunc pro tunc*, Appellee filed (1) a Post-Sentence Motion, which the trial court denied; and (2) a Notice of Appeal.  Appellee's pending appeal in this Court is at docket No. 2117 EDA 2017.

legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Once an individual's time for taking an appeal has passed, the only way to obtain the right to file a direct appeal is by requesting the reinstatement of one's right to appeal in a timely PCRA petition. ***Commonwealth v. Hall***, 771 A.2d 1232, 1235-36 (Pa. 2001). Likewise, a challenge to counsel's effective assistance may only be raised in a timely filed PCRA petition. ***Commonwealth v. Descardes***, 136 A.3d 493, 499 (Pa. 2016).

To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation[,] or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. ***Commonwealth v. Soto***, 983 A.2d 212, 213 (Pa. Super. 2009); ***see also Commonwealth v. Turner***, 80 A.3d 754, 765 (Pa. 2013) ("[D]ue process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). Thus, even where a PCRA petition is filed while a petitioner is serving his or her sentence, once the sentence expires, a petitioner's right to PCRA relief

also expires. ***Commonwealth v. Plunkett***, 151 A.3d 1108, 1109-10 (Pa. Super. 2016).

The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). This is to "accord finality to the collateral review process." ***Id***.

In the instant case, Appellee's maximum sentence of six months' incarceration expired on October 19, 2016, two months after he filed his PCRA Petition. Because Appellee's sentence had expired, he was ineligible for PCRA relief when the trial court entered its June 2, 2017 Order. Pursuant to the plain language of the PCRA and our case law interpreting the PCRA's eligibility requirements, the PCRA court's attempt to afford Appellee a remedy was improper. ***See Soto***, ***supra*** at 213; ***Watts***, ***supra*** at 983.[5,6]

---

[5] Moreover, the court did not have any source of jurisdiction to grant relief. ***See***, ***e.g.***, 42 Pa.C.S. § 5505 (a court may modify or rescind any order within 30 days after its entry if no appeal has been taken).

[6] We note that Appellee's reliance on ***Commonwealth v. Stock***, 679 A.2d 760 (Pa. 1996), is misplaced. ***See*** Appellee's Brief at 13. ***Stock*** involved unique circumstances where the trial court sentenced Stock to fines only for summary convictions, which meant that Stock was **never** eligible for PCRA relief. Here, the trial court imposed a sentence of incarceration for Appellee's summary conviction, which rendered him eligible to seek PCRA relief prior to the completion of his sentence. Because ***Stock*** is factually and legally distinguishable, it affords Appellee no relief.

Accordingly, we reverse the PCRA court's Order reinstating Appellee's direct appeal rights *nunc pro tunc*.[7]

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/1/18

---

[7] In light of our resolution of this appeal, we are constrained to quash Appellee's direct appeal at docket No. 2117 EDA 2017.