J-A26039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL S. SHICK | : | |
| | : | |
| Appellant | : | No. 720 WDA 2018 |

Appeal from the Judgment of Sentence March 29, 2016
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000785-2014

BEFORE: BENDER, P.J.E., SHOGAN, J., and MURRAY, J.

DISSENTING MEMORANDUM BY SHOGAN, J.: **FILED JANUARY 11, 2019**

After careful review, I respectfully disagree with the Majority's decision to quash Appellant's *nunc pro tunc* appeal. Instead, I agree with the trial court's reinstatement of Appellant's direct appeal rights *nunc pro tunc*, albeit on a different basis,[1] and I conclude that we should address the merits of the appeal.

The record reveals that on November 30, 2015, Appellant entered a negotiated guilty plea to one count of aggravated assault. On March 29, 2016, the trial court sentenced Appellant to a term of seven and one-half to fifteen years of incarceration.

---

[1] This Court may affirm the decision of the trial court on any basis. ***Commonwealth v. Clouser***, 998 A.2d 656, 661 n.3 (Pa. Super. 2010).

On April 5, 2016, Appellant's attorney, Leonard J. Berger, Jr., filed a motion to withdraw as counsel and a post-sentence motion. In the post-sentence motion, Attorney Berger informed the trial court that Appellant no longer wanted Attorney Berger's services; instead, Appellant wanted new counsel to file post-sentence motions on his behalf. Attorney Berger, understanding the time constraints involved in appointing counsel and filing post-sentence motions, requested the trial court grant Appellant an additional thirty days in which to file post-sentence motions. The trial court granted the motion for an extension of time to file post-sentence motions and scheduled a hearing on counsel's motion to withdraw.

On April 12, 2016, Appellant filed a *pro se* motion to withdraw his guilty plea. After a hearing on April 28, 2016, the trial court granted trial counsel's motion to withdraw and denied Appellant's *pro se* motion to withdraw his guilty plea. Order, 4/28/16. The trial court did not appoint counsel, and Appellant did not file a post-sentence motion or a direct appeal, despite Attorney Berger informing the trial court of Appellant's desire to do so. Attorney Berger's Motion to Withdraw, 4/5/16, at ¶4. Thus, as noted by the Majority, Appellant's judgment of sentence became final on May 31, 2016. Majority Memorandum, at 2.

Between June 1, 2016, and July 28, 2016, Appellant filed numerous *pro se* motions, including an untimely notice of appeal. The trial court should have treated these filings as petitions filed pursuant to the Post Conviction Relief

Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  *See Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("We have repeatedly held that the PCRA provides the sole means for obtaining collateral review, and that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.").  Rather than properly treating these filings as PCRA petitions and appointing counsel, the trial court inexplicably construed Appellant's notice of appeal as a request to appeal *nunc pro tunc*.  Order, 8/3/16.  On August 3, 2016, the trial court denied Appellant relief.  *Id.*

On August 5, 2016, Appellant filed a *pro se* motion to dismiss, alleging violations of his constitutional rights, the involuntary nature of his plea, the illegality of his sentence, and ineffective assistance of counsel.  Once more, rather than treating Appellant's motion as a timely, first PCRA petition as required by *Johnson*, the trial court denied Appellant's motion.  Order, 8/11/16.  Appellant continued to file *pro se* motions, and the trial court continued to deny relief.  Order, 8/22/16; Order, 8/24/16.

On November 1, 2017, Appellant, with the assistance of counsel, filed an "Amended Petition for Post-Conviction Relief."  Counsel argued that Appellant's prior filings should have been deemed PCRA petitions, and therefore, the instant petition "relates back" to prior filings and should be considered timely under the PCRA.  Amended PCRA Petition, 11/1/17, at 15.  Following hearings on the matter, the trial court agreed with Appellant and found that Appellant's November 1, 2017 PCRA petition was an "extension" of

Appellant's first timely filed petition. Order, 4/24/18, at ¶ 7. On April 24, 2018, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*.

The Majority concludes that Appellant's PCRA petition failed to plead and prove any exception to the PCRA time bar and finds that this Court lacks jurisdiction. I respectfully disagree under the facts of this case.

Appellant's judgment of sentence became final on May 31, 2016; therefore, Appellant had until May 31, 2017, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final...."). As discussed above, Appellant filed multiple documents during this period that should have been deemed timely PCRA petitions requiring the appointment of counsel. The failures in this matter were on the part of the trial court. Appellant's PCRA petitions were ignored, he proceeded *pro se* at times he had the right to counsel,[2] and the trial court never conducted a hearing to determine if Appellant waived his right to counsel pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

The trial court's errant disregard of Appellant's rights and its failure to treat prior filings as timely PCRA petitions constitute a complete breakdown in

---

[2] *See Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007) (A criminal defendant has the constitutional right to counsel on direct appeal.); *see also Commonwealth v. Figueroa*, 29 A.3d 1177, 1180 n.6 (Pa. Super. 2011) ("[I]t is undisputed that first time PCRA petitioners have a rule-based right to counsel.").

the operation of the court.  This breakdown affords Appellant the opportunity to pursue his rights to relief *nunc pro tunc*.  **See Commonwealth v. Stock**, 679 A.2d 760, 763-764 (Pa. 1996); **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001) (stating that appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances such as a breakdown in the operations of the court).  Accordingly, I conclude that this Court should not quash the appeal; rather, we should address its merits.  Therefore, I respectfully dissent.