J-S13013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANCIS TIMOTHY PLAZA | |
| Appellant | No. 1794 MDA 2019 |

Appeal from the PCRA Order entered October 4, 2019
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0005283-2009

BEFORE:  STABILE, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                           **FILED JUNE 16, 2020**

Appellant, Francis Timothy Plaza, appeals *pro se* from the October 4, 2019 order entered in the Court of Common Pleas of York County, denying as untimely Appellant's petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Following review, we affirm.

The factual and procedural history of this case, based on our review of the record and the PCRA court's October 4, 2019 opinion[1], can be summarized as follows:

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court issued a Rule 1925(a) opinion on December 16, 2019, incorporating its October 4, 2019 opinion and order in which the court set forth its reasons for denying of Appellant's PCRA petition.

On July 25, 2009, Appellant shot his wife, Michelle Plaza, six times, killing her in their bedroom. He was arrested and charged with criminal homicide. At trial, he testified he was upset with his wife because she was constantly on the computer and not spending enough time with him. Prior to the shooting, the two engaged in a lengthy conversation in their bedroom. Appellant had earlier taken his gun from his dresser drawer with plans to secure it before possibly leaving for New York for the weekend. In the course of their conversation, Michelle announced she was leaving Appellant and he became enraged. His hand brushed the nearby gun and the next thing he knew, he was holding the gun in his hand and Michelle was dead, though he did not remember shooting her.

A jury convicted Appellant of first-degree murder and, on September 30, 2010, he was sentenced to life in prison. This Court affirmed his judgment of sentence. On December 3, 2012, our Supreme Court denied allowance of appeal.

On October 9, 2013, Appellant timely filed his first PCRA petition. Counsel was appointed and filed an amended petition. Following an evidentiary hearing, the PCRA court denied the petition. On February 19, 2015, we affirmed. Appellant did not file a petition for allowance of appeal. Appellant filed *pro se* motions in August 2015 and July 2016 claiming, *inter alia*, that counsel was ineffective for failing to file a petition for allowance of appeal. The PCRA court denied both motions.

On April 10, 2017, counsel filed a motion for leave to file a petition for allowance of appeal *nunc pro tunc.* On May 22, 2017, the Supreme Court denied the petition.

On June 8, 2017, Appellant filed a *pro se* PCRA petition alleging PCRA counsel ineffectiveness for failing to file a petition for allowance of appeal. The PCRA court denied the petition as untimely on December 18, 2017.

As the PCRA court explained in its October 4, 2019 opinion, during 2017 and 2018, Appellant filed numerous grievances relating to PCRA counsel's "abandonment." He then filed a motion for a *Grazier* hearing on November 7, 2018, complaining he was precluded from advocating on his own behalf because Attorney Dubbs was still noted as attorney of record. Opinion, 10/4/19, at 4.

The court conducted a *Grazier*[2] on January 3, 2019 and granted Appellant's request, removing Attorney Dubbs as counsel. On January 15, 2019, Appellant filed a request for appointment of counsel, which the PCRA court denied on January 25, 2019. Appellant filed an appeal to this Court. On July 1, 2019, we quashed the appeal as one taken from an interlocutory order.

Meanwhile, on June 3, 2019, Appellant filed a motion to reinstate appeal rights *nunc pro tunc*, followed on July 2, 2019, by a motion for disposition of his motion to reinstate. The court treated Appellant's motion as a PCRA

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81, 82 (Pa. 1998).

- 3 -

petition and, on August 22, 2019, issued a Rule 907 notice of its intent to dismiss the petition. On August 30, 2019, Appellant filed a response to the Rule 907 notice.

On October 4, 2019, the court issued an order dismissing the motion. In its accompanying opinion, the court explained that the June 3, 2019 motion was untimely filed from a judgment of sentence that became final on March 3, 2013 and that Appellant did not plead an exception to the PCRA's timeliness requirements. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents one issue for our consideration:

[1.] Was Appellant's constitutional right of appeal denied where counsel failed to file timely [petition for allowance of appeal], and did the court err in failing to determine counsel's ineffectiveness and abandonment for appeal?

Appellant's Brief at 3.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723 (Pa. 2003) (citation omitted). Importantly, under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017).

On direct appeal, our Supreme Court denied Appellant's petition for allowance of appeal on December 3, 2012. He did not seek a writ of certiorari to the United States Supreme Court. Therefore, his judgment of sentence was final 90 days later, on March 3, 2013. U.S.Sup.Ct. Rule 13. In accordance with 42 Pa.C.S.A. § 9545(b), Appellant had until March 3, 2014 to file a PCRA petition, absent an exception to the PCRA's one-year time limitation.

Appellant's June 3, 2019 petition was filed more than five years after the deadline for doing so and was, therefore, facially untimely. He did not plead or prove any exception to the PCRA's timeliness requirements. Therefore, the petition was untimely and this Court lack jurisdiction to consider its merits.

In his brief, Appellant complains that the PCRA court's primary reason for dismissing his petition was untimeliness. He argues, *inter alia*, that the court failed to consider our Supreme Court's decision in **Commonwealth v. Stock**, 679 A.2d 760 (Pa. 1996), as well as this Court's decision in **Commonwealth v. Carter**, 21 A.3d 680 (Pa. Super. 2011). First, **Stock** was not a PCRA case and is irrelevant to our discussion. Second, **Carter** involved a timely-filed PCRA petition seeking reinstatement of Carter's direct appeal

rights based on counsel's failure to consult with Carter about filing an appeal from Carter's judgment of sentence. In that case, the PCRA court dismissed the petition without a hearing. We remanded for a hearing, finding that, without a hearing, Carter faced an unsurmountable burden of proving counsel did not consult with him about an appeal. *Carter* is clearly inapposite.

Appellant fails to appreciate that the PCRA's timeliness requirements are jurisdictional in nature. His June 3, 2019 petition was clearly untimely and he neither pled nor proved any exception to the timeliness requirement. Therefore, neither the PCRA court nor this Court has jurisdiction to consider the merits, if any, of the petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020