**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARLEAH CLARRINDA FILAN | : | |
| | : | |
| Appellant | : | No. 942 MDA 2020 |

Appeal from the Judgment of Sentence Entered June 8, 2020
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0000292-2019

BEFORE: NICHOLS, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED FEBRUARY 09, 2021**

Marleah Clarrinda Filan ("Filan") appeals from the judgment of sentence entered following her conviction of two counts of driving under the influence of a controlled substance ("DUI"), and one count each of possession of drug paraphernalia and possession of a small amount of marijuana.[1] We quash the appeal as untimely filed.

On September 6, 2018, shortly before 9:00 p.m., Littlestown Borough Police Officers Anthony Gilberto ("Officer Gilberto") and Nathanial Owens ("Officer Owens"), while driving on patrol, pulled behind a silver Subaru station wagon. The officers' attention was drawn to the silver Subaru at the

---

[1] **See** 18 Pa.C.S.A. § 3802(d)(1)(i), (ii); 35 P.S. § 780-113(a)(32), (38).

intersection of South Queen Street and Cemetery Street, in Littlestown, Adams County, Pennsylvania.

> They observed the silver Subaru almost came to a complete stop in the roadway and the front passenger of the Subaru motioned to a man standing on the western corner of Cemetery Street and South Queen Street. Officer Owens slowed his vehicle as a result of the silver Subaru almost coming to a complete stop in the roadway.

Suppression Court Opinion, 7/11/19, at 2 (paragraph designations and formatting omitted). As the officers followed the Subaru, they noticed that the Subaru's front windows were open, and further detected an odor of burnt marijuana. As they continued following the Subaru, the officers observed a strong odor of burnt marijuana emanating from the vehicle. Thereafter, the officers stopped the vehicle. During the course of the vehicle stop, the officers observed the odor of marijuana coming from inside of the vehicle. The officers recovered a burnt marijuana "roach" from the vehicle, and a second burnt marijuana "roach" was recovered from Filan's person. *Id.* at 3.

Following her arrest, Filan filed a Motion to suppress the items seized as a result of the vehicle stop. Following a hearing, the trial court denied the Motion. On November 19, 2019, after a non-jury trial, the trial court found Filan guilty of the above-described charges. On January 10, 2020, Filan filed a Motion to continue sentencing pending completion of inpatient treatment. The trial court granted a continuance until March 17, 2020. Because of COVID-19 restrictions, sentencing was continued to June 8, 2020.

On June 8, 2020, Filan appeared with counsel for sentencing. For her conviction of DUI (75 Pa.C.S.A. § 3802(d)(1)(i)), the trial court sentenced Filan to 60 months of probation with 180 days of restricting DUI conditions, all on house arrest with electronic monitoring. The trial court imposed no sentence for Filan's second conviction of DUI (75 Pa.C.S.A. § 3802(d)(1)(ii)), concluding that it merged with her first conviction for sentencing purposes. For her conviction of possession of drug paraphernalia, the trial court imposed a concurrent twelve-month term of probation.

On June 30, 2020, Filan filed a "Motion for Modification of Sentence *Nunc Pro Tunc* and for Extension of Time in Which to Report or Secure a Residence for House Arrest" (the "Post Sentence Motion"). On June 30, 2020, the trial court denied the Post Sentence Motion. Filan filed a Notice of Appeal on July 21, 2020, more than 30 days after entry of her judgment of sentence. Thereafter, Filan filed a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Before proceeding, we first must ascertain whether this Court has jurisdiction over the present appeal. As a general rule, this Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007). This general rule "does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." **Id.** at 498.

A notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). "A direct appeal in a criminal proceeding lies from the judgment of sentence." *Patterson*, 940 A.2d at 497 (citation omitted). If a defendant files a timely post-sentence motion, the notice of appeal shall be filed within 30 days of the entry of the order deciding the motion. Pa.R.Crim.P. 720(A)(2)(a). To be timely, a post-sentence motion must be filed no later than 10 days after imposition of sentence. Pa.R.Crim.P. 720(A)(1). Absent a timely post-sentence motion, the notice of appeal shall be filed within 30 days of imposition of sentence. Pa.R.Crim.P. 720(A)(3); *Commonwealth v. Dreves*, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*). Thus, a timely post-sentence motion tolls the running of the appeal period; an untimely motion does not. *See id.*; *see also Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (recognizing that an untimely post-sentence motion does not toll the 30-day appeal period).

Here, Filan untimely filed her Post Sentence Motion, *nunc pro tunc*, on June 30, 2020, 22 days after entry of her judgment of sentence.

> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that excuse the late filing. Merely designating a motion as "post-sentence motion *nunc pro tunc*" is not enough. When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit the defendant to file the post-sentence motion *nunc pro tunc*. If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly. In

employing the above line of reasoning, we find instructive cases dealing with the restoration of direct appeal rights *nunc pro tunc*. In **Commonwealth v. Stock**, … 679 A.2d 760, 764 ([Pa.] 1996) for instance, our Supreme Court opined that in order for an appeal *nunc pro tunc* to be granted, the appellant would have to show an extraordinary circumstance wherein a direct appeal by right was lost. **Accord, Commonwealth v. Peterkin**, … 722 A.2d 638, 643 n. 7 ([Pa.] 1998). Similarly, in order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended. The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion. The trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief.

**Dreves**, 839 A.2d at 1128-29.

In her Post Sentence Motion, Filan claimed that, at sentencing, she was not aware of this Court's decision in **Commonwealth v. Chichkin**, 232 A.3d 959 (Pa. Super. 2020),[2] and that her counsel did not understand its implications. Post Sentence Motion, 6/30/20, at ¶ 4. Exercising its discretion, the trial court denied Filan *nunc pro tunc* relief:

In this case, sentencing for [Filan] took place on June 8, 2020[,] and any post-sentence motion had to be filed within 10 days[,] as required by Pa.R.Crim.P. 720(A). [Filan] did not file a [P]ost[ S]entence [M]otion until June 30, 2020. The [P]ost[ S]entence [M]otion therefore was untimely. [Filan] has not

---

[2] In **Chichkin**, this Court held that a prior acceptances of accelerated rehabilitative disposition do not constitute convictions cloaked in all the constitutional safeguards, and are a fact that must be presented to the fact finder and determined beyond a reasonable doubt before a trial court may impose a mandatory minimum sentence. **Chichkin**, 232 A.3d at 968.

presented a sufficient reason why the [P]ost[ S]entence [M]otion was not timely filed. Therefore, [Filan] has not shown an extraordinary circumstance wherein a direct appeal right was lost. The Superior Court decided **Commonwealth v. Chichkin** on May 20, 2020[,] and sentencing in this matter did not take place until June 8, 2020. [Filan's] Motion for Modification of Sentence *Nunc Pro Tunc* was not filed until June 30, 2020, forty days after **Chichkin** was decided. Furthermore, [Filan's] Notice of Appeal was filed on July 21, 2020, forty-three days after sentence.

Therefore, since [Filan] filed an untimely [P]ost[ S]entence [M]otion and did not timely file her Notice of Appeal, it is respectfully requested that [the Superior Court] quash [Filan's] appeal.

Trial Court Opinion, 9/3/2020, at 2.

We discern no abuse of discretion by the trial court in denying Filan *nunc pro tunc* relief. Further, Filan has not alleged fraud or a breakdown in the court's proceedings. **See Patterson**, 940 A.2d at 498. Because Filan's appeal is untimely filed, we lack jurisdiction to proceed. **See id.** Consequently, we quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2021