J-A05041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG DAVID ICE | : | |
| | : | |
| Appellant | : | No. 1496 MDA 2020 |

Appeal from the PCRA Order Entered November 12, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003118-2011

BEFORE:   OLSON, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: FEBRUARY 9, 2022**

Appellant Craig David Ice filed this *pro se* appeal from the order entered by the Court of Common Pleas of Dauphin County denying his second petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  As Appellant's petition was untimely filed, we affirm the denial of Appellant's petition.

In August 2012, Appellant was convicted of two counts each of indecent assault, unlawful contact with a minor, and corruption of minors.  On November 27, 2012, the trial court found Appellant to be a sexually violent predator and sentenced him to an aggregate term of 25 to 50 years' imprisonment.  On April 21, 2014, this Court affirmed the judgment of sentence and on October 7, 2014, our Supreme Court denied Appellant's petition for allowance of appeal.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On June 3, 2015, Appellant filed his first PCRA petition. After Appellant's counsel was substituted multiple times, Appellant's third PCRA attorney filed a supplemental petition raising several claims, including, *inter alia*, his assertion that trial counsel was ineffective in failing to pursue a claim pursuant to **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194 (1963). Specifically, Appellant asserted that the Commonwealth never made known to the defense that prosecution witness Shawna Messersmith had pending criminal charges when she testified at Appellant's trial. On July 15, 2016, the PCRA court held a hearing on the petition and on January 19, 2017, the PCRA court dismissed the petition.

Appellant filed a counseled appeal raising two issues but did not challenge the PCRA court's ruling on his **Brady** claim. This Court affirmed the denial of Appellant's first petition on March 6, 2018. **See Commonwealth v. Ice**, 265 MDA 2017, 2018 WL 1164471 (Pa.Super. March 6, 2018) (unpublished memorandum). On December 17, 2018, the Supreme Court denied Appellant's petition for allowance of appeal.

On December 9, 2019, Appellant filed the instant PCRA petition. On May 12, 2020, the PCRA court gave notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA court also notified Appellant that he was not eligible for court-appointed counsel as PCRA courts are only required to provide counsel to indigent petitioners on the first PCRA petition. **See Commonwealth v. Privolos**, 746 A.2d 621, 624 (Pa.Super. 2000).

On October 29, 2020, Appellant filed a *pro se* response to the PCRA court's Rule 907 notice. On November 12, 2020, the PCRA court filed an order dismissing the instant petition. On November 23, 2020, Appellant filed a timely appeal. Appellant complied with the PCRA court's direction to file a concise statement of errors on appeal pursuant to Pa.R.A.P. 1925(b).

As an initial matter, we must determine whether the instant PCRA petition was timely filed. It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa.Super. 2016) (citations omitted).

Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3).

However, Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of the three exceptions enumerated in Section 9545(b)(1), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right that has been held to apply

retroactively by the Supreme Court of the United States or the Supreme Court of Pennsylvania. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

In this case, this Court affirmed the judgment of sentence on April 21, 2014 and our Supreme Court denied Appellant's petition for allowance of appeal on October 7, 2014. As such, the judgment of sentence became final on January 5, 2015 after the time period for Appellant to file an appeal to the Supreme Court of the United States had expired. *See* U.S.Sup.Ct.R.13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). As Appellant did not file this petition until September 9, 2019, the instant petition is facially untimely.

Appellant has not attempted to plead or prove that any one of the PCRA timeliness exceptions are applicable in this case. Instead, he argues the merits of his claim that trial counsel was ineffective in failing to pursue an argument pursuant to *Brady* to argue that the prosecution withheld evidence from the defense, with respect to the fact that prosecution witness Shawna Messersmith had pending criminal charges against her during Appellant's trial. Appellant suggests that this evidence could have been used to show Messersmith's bias in that she could have been motivated to testify against Appellant for favorable treatment in her own case.

To the extent that Appellant's petition invoked the governmental interference exception or the newly-discovered fact exception to the PCRA timeliness requirements, a discussion of "the merits of an underlying *Brady*

- 4 -

claim is not relevant to resolving a timeliness issue under either § 9545(b)(1)(i) or (ii)." ***Commonwealth. v. Stokes***, 598 Pa. 574, 580, 959 A.2d 306, 310 (2008) (citing ***Commonwealth v. Abu–Jamal***, 596 Pa. 219, 268, 941 A.2d 1263, 1268 (2008)). We also emphasize that Appellant was required to file his claim "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

However, Appellant cannot establish that the facts upon which his claim is predicated were not previously known to him or that the facts could not have been ascertained through due diligence. ***See Abu–Jamal***, 596 Pa. at 227, 941 A.2d at 1268 (concluding that not only must a petitioner assert that "the facts upon which the ***Brady*** claim is predicated were not previously known to the petitioner," but also that they "could not have been ascertained through due diligence"). Likewise, "[a]lthough a ***Brady*** violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Smith***, 194 A.3d 126, 133 (Pa.Super. 2018).

In addition, we note that his claim of ineffectiveness of counsel does not provide an exception to the PCRA time bar. ***Commonwealth v. Wharton***, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005) (finding that an "allegation of ineffectiveness is not sufficient justification to overcome otherwise untimely PCRA claims)).

We observe that Appellant is attempting to raise the same argument pursuant to **Brady** that he included in his first PCRA petition which the PCRA court determined did not entitle Appellant to collateral relief. Appellant did not raise this particular claim before this Court in his appeal of his first petition.

Appellant is attempting to make this instant petition an extension of the first petition, in that he asserts that this Court should review an issue that he raised in his first petition, but chose not to pursue on his first collateral appeal. However, since Appellant's first petition was dismissed and he did not appeal that dismissal, the instant PCRA petition must be considered a second PCRA petition that must meet the PCRA timeliness exceptions independently.

We recognize that, in certain limited circumstances, we have construed a second PCRA petition to be an extension of a petitioner's first PCRA petition for the purposes of calculating timeliness. "Reinstatement of appellate rights *nunc pro tunc* will … remedy the deprivation of effective PCRA counsel." **Commonwealth v. Koehler**, 545 Pa. 13, 229 A.3d 915, 932 (2020). In **Commonwealth v. Bennett**, 593 Pa. 382, 930 A.2d 1264, 1273 (2007), our Supreme Court vacated the dismissal of the appellant's second PCRA petition and remanded for consideration of whether the petitioner was entitled to the reinstatement of his collateral appeal rights *nunc pro tunc* when his original PCRA appeal was dismissed because of PCRA counsel's failure to file a brief. The Supreme Court emphasized that "due process requires that the post conviction process be fundamentally fair." **Id.**

In this case, Appellant does not claim that he was deprived of counsel on collateral appeal of his first PCRA petition. Rather, the record shows that Appellant filed a counseled appeal which raised two issues for this Court's review but did not specifically include an appeal of Appellant's argument that trial counsel was ineffective in failing to raise the **Brady** claim at issue. This Court dismissed the first appeal after finding Appellant was not entitled to collateral relief on those claims. As such, we decline to review a claim that Appellant could have raised in his first PCRA appeal, but chose not to do so.

Our courts have emphasized that a petitioner must specifically plead and prove that one of the PCRA timeliness exceptions applies to the untimely petition in order to avoid the PCRA time bar. **Commonwealth v. Beasley**, 559 Pa. 604, 609, 741 A.2d 1258, 1261 (1999). Accordingly, as Appellant has not pled or proven that one of the PCRA timeliness exceptions applies to this petition, we conclude that the PCRA court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/09/2022