J-S04041-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES E. ROSE, JR. | : | |
| | : | |
| Appellant | : | No. 367 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0001962-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES E. ROSE, JR. | : | |
| | : | |
| Appellant | : | No. 368 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0001962-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES E. ROSE, JR. | : | |
| | : | |
| Appellant | : | No. 369 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0001962-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  | : |  |
| --- | --- | --- |
| v. | : |  |
|  | : |  |
|  | : |  |
| JAMES E. ROSE, JR. | : |  |
|  | : |  |
| Appellant | : | No. 370 EDA 2021 |

Appeal from the Order Entered January 25, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0001962-2020

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| JAMES E. ROSE, JR. | : |  |
|  | : |  |
| Appellant | : | No. 492 EDA 2021 |

Appeal from the Order Entered February 10, 2021
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0001962-2020

BEFORE:   BENDER, P.J.E., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 11, 2022**

Appellant James E. Rose, Jr. files these *pro se* consolidated appeals to attempt to appeal from various motions the trial court denied after it had dismissed Appellant's attempt to withdraw his guilty plea to a summary charge of retail theft.  We vacate the trial court's orders and remand the case for further proceedings consistent with this decision.

_____

[*] Former Justice specially assigned to the Superior Court.

This case involves a complicated procedural history involving numerous *pro se* motions and multiple appeals. On May 7, 2020, Appellant was charged with Retail Theft graded as a misdemeanor of the second degree. On October 22, 2020, Appellant entered a guilty plea to summary retail theft and was sentenced by a magisterial district court judge at docket MJ-31302-CR-0000247-2020 to pay court costs and a $100.00 fine. Appellant was represented by Gavin Holihan, Esq. through the plea process.

On November 3, 2020, Appellant filed a *pro se* "Motion to Withdraw Guilty Plea" in the Lehigh County Court of Common Pleas, which was docketed at CP-39-MD-0001962-2020. In this filing, Appellant stated that he submitted this "pleading to formally withdraw his guilty plea and proceed to trial" as he suggested that his plea was not knowing, voluntary, or intelligent. Motion, 11/3/20, at 1. Appellant also indicated that he had repeatedly asked his counsel to withdraw his guilty plea, but counsel refused to do so. ***Id***. Appellant asked the trial court that he "be permitted the Right to Proceed to Trial as he was promised by his Attorney Gavin Holihan." ***Id***. The docket indicates that Appellant served a copy of his motion on Attorney Holihan, the District Attorney's Office, and the Magisterial District Court where he had entered his plea.

Our Rules of Criminal Procedure provide that a criminal defendant who enters a guilty plea on a summary charge may file an appeal to the Court of Common Pleas for a trial *de novo*. Pa.R.Crim.P. 460 states that "[w]hen an appeal is authorized by law in a summary proceeding, … an appeal shall be

perfected by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken. The notice of appeal shall be filed with the clerk of courts." Pa.R.Crim.P. 460(A).

As a result, Appellant was required to file a notice of appeal to seek a trial *de novo* pursuant to Rule 460 by November 23, 2020. Despite Appellant's claims that he had repeatedly requested that counsel withdraw his plea and preserve his "right to appeal," there is no indication in the record that counsel filed a notice of appeal or any other filings on Appellant's behalf. The record does not reflect that counsel informed the trial court whether or not he had withdrawn his representation.

On December 10, 2020, the trial court denied Appellant's "Motion to Withdraw Guilty Plea," indicating that the *pro se* motion was dismissed as Appellant was represented by counsel. The trial court forwarded Appellant's November 3, 2020 motion to Attorney Holihan. *See Commonwealth v. Ali,* 10 A.3d 282, 293 (Pa. 2010) (pro se filing by a represented defendant constitutes "legal nullity").

On January 8, 2021, Appellant filed a *pro se* "Motion to Set Aside Court's Order of the 10th Day of December, 2020." In this motion, Appellant argued that the trial court had erred in finding that Appellant was represented by counsel and thus could not file a *pro se* pleading. Appellant informed the trial court that Attorney Holihan sent Appellant a letter dated October 29, 2020, indicating that he was withdrawing his representation as Appellant attempted

to withdraw his plea based on grounds which Attorney Holihan characterized as allegations of his ineffectiveness. In the letter, which Appellant attached to his January 8th motion as an exhibit, Attorney Holihan stated "I will not file to vacate your guilty plea. You must do that yourself or hire another attorney." Motion, 1/8/21 (citing Exhibit B, Holihan Letter, at 1).

In the January 8th filing, Appellant asked the court to allow him to withdraw his plea or to retain new counsel to petition the court to withdraw his guilty plea. It does not appear from our review of the record that the trial court ever addressed or disposed of Appellant's January 8th motion.

On January 19, 2021, Appellant filed the following four *pro se* motions: 1) "Motion to Protect the Timeline of Events for the Purpose of Appeal", 2) "Motion to Open Judgment," 3) "Motion to Stipulate Indisputable Facts with Regards to Notice of Appeal," and 4) "Motion to have Evidentiary Hearing Which the Court Failed to do in its Order of 12/10/20."

On January 25, 2021, the trial court denied all four of these motions. In its orders denying these motions, the trial court construed them as untimely post-sentence motions as Appellant did not file the motions within ten days of his sentence.

On January 29, 2021, Appellant filed a *pro se* "Motion and Notice of Appeal" in which he sought to appeal the trial court's December 10, 2020 order denying his "Motion to Withdraw Guilty Plea." However, the Lehigh County Clerk of Judicial Records failed to transmit the January 29, 2021 notice of appeal to this Court (Pa.R.A.P. 905(b)). As a result, this Court was unaware

of Appellant's January 29, 2021 appeal and unable to docket it until May 19, 2021. This appeal, which was subsequently docketed at 943 EDA 2021, is not before this Court in the present set of appeals.[1]

On January 29, 2021, Appellant also filed in the trial court a *pro se* "Motion to Dismiss Criminal Charge of Retail Theft."

On February 5, 2021, Appellant filed four separate *pro se* notices of appeal from the trial court's January 25, 2021 orders denying his four *pro se* motions filed on January 19, 2021. These appeals were properly transmitted to this Court, promptly docketed at 367-370 EDA 2021, and are before this panel for review.

On February 9, 2021, the trial court denied Appellant's January 29, 2021 "Motion to Dismiss Criminal Charge of Retail Theft." On March 1, 2021, Appellant filed a *pro se* notice of appeal of the trial court's February 9, 2021 order. This appeal was properly transmitted to this Court, promptly docketed at 492 EDA 2021 and is also before this panel for review.

On May 4, 2021, Appellant filed a *pro se* motion to consolidate the appeals at 367-370 EDA 2021 and 492 EDA 2021. In this motion, Appellant indicated that consolidation of the five appeals was proper for the sake of judicial economy as the five appeals arose from the denial of Appellant's November 3, 2020 "Motion to Withdraw Guilty Plea." This Court granted Appellant's motion to consolidate the five appeals.

_____

[1] On January 7, 2022, this Court ultimately dismissed Appellant's appeal at 943 EDA 2021 for Appellant's failure to file a brief.

On May 13, 2021, this Court issued rules to show cause at 367-370 EDA 2021 and 492 EDA 2021, as to why the five appeals should not be quashed as untimely filed. On May 25, 2021, Appellant filed a *pro se* response arguing that his November 3, 2020 *pro se* "Motion to Withdraw Guilty Plea" was an attempt to file a summary appeal. **See** Response to Rule to Show Cause, at ¶¶ 21, 34, 36. This Court subsequently entered an order informing the parties that the issues raised in the rules to show cause would be referred to the panel assigned to decide the merits of the appeal.

The only appeals before this Court are the five appeals at 367-370 EDA 2021 and 492 EDA 2021. In his notices of appeal at 367-370 EDA 2021, Appellant purports to appeal the trial court's January 25, 2021 order dismissing the following four *pro se* motions: 1) "Motion to Protect the Timeline of Events for the Purpose of Appeal," 2) "Motion to Open Judgment," 3) "Motion to Stipulate Indisputable Facts with Regards to Notice of Appeal," and 4) "Motion to have Evidentiary Hearing Which the Court Failed to do in its Order of 12/10/20." In his notice of appeal at 492 EDA 2021, Appellant purports to appeal from the trial court's February 9, 2021 order denying Appellant's January 29, 2021 "Motion to Dismiss Criminal Charge of Retail Theft."

However, in these five consolidated appeals, Appellant attempts to challenge the trial court's December 10, 2020 order denying his November 3, 2020 *pro se* "Motion to Withdraw Guilty Plea" in which he specifically alleged

that counsel refused to assist him in withdrawing his plea and preserving his "right to appeal" to the trial court.

As a preliminary matter, we must determine whether Appellant's five appeals were timely filed. Generally, a "notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903. This Court typically cannot enlarge the time for filing a notice of appeal. **See** Pa.R.A.P. 105(b) ("An appellate court for good cause shown may upon application enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time, but the court may not enlarge the time for filing a notice of appeal ….").

Nevertheless, "this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007) (citations denied) (finding breakdown of court processes occurred when trial court denying the appellant's untimely post-sentence motion and did not inform him of the applicable time period in which to file an appeal). **See also Commonwealth v. Flowers**, 149 A.3d 867, 872 (Pa.Super. 2016) (declining to quash appeal as untimely due to a breakdown in court operations that occurred when the trial court failed to ensure that the appellant was correctly advised the deadline for filing an appeal when his counsel misstated the appellate rules). **See also generally Commowealth v. Leatherby**, 116 A.3d 73, 79 (Pa.Super. 2015) (breakdown of court operations occurred when

the defendant was effectively abandoned by counsel and the trial court failed to timely appoint new counsel to assist Appellant to file an appeal).

In addition, this Court may grant an appeal *nunc pro tunc* as a "remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances," which include circumstances in which counsel fails to file a requested appeal. **Commonwealth v. Stock**, 679 A.2d 760, 764 (Pa. 1996)*. O*ur courts have consistently held that the "unjustified failure to file a requested direct appeal is ineffective assistance of counsel *per se*." **Commonwealth. v. Bath**, 907 A.2d 619, 622 (Pa.Super. 2006) (citing **Commonwealth v. Lantzy***, 736 A.2d 564, 571 (Pa. 1999) (finding counsel's failure to file a requested direct appeal denies the accused the right to a direct appeal and entitles the accused to the reinstatement of his direct appeal rights *nunc pro tunc*).

In **Stock**, our Supreme Court found that counsel's failure to file an appeal in a summary case that the defendant requested that counsel file on his behalf merited the award of an appeal *nunc pro tunc* as trial counsel's inaction resulted in the loss of the defendant's constitutional right to appeal. Thus, the **Stock** Court held that the trial court abused its discretion in denying the appellant leave to file an appeal *nunc pro tunc* as the appellant would have no other recourse to appeal the loss of his constitutional right to an appeal as the result of counsel's ineffectiveness.  The Supreme Court recognized that the defendant could seek permission to file an appeal *nunc pro tunc* outside the framework of the Post-Conviction Relief Act (PCRA) as the defendant

would never be eligible for relief under the PCRA which requires a defendant to be "incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation." *Stock*, 679 A.2d at 764 (citing 42 Pa.C.S.A. § 9543(2)). *See Commonwealth v. Descardes*, 136 A.3d 493, 502 (Pa. 2016) (reaffirming holding in *Stock*).

In this case, Appellant challenged the trial court's decision denying his motion to withdraw his guilty plea to a summary charge of retail theft on the basis that Appellant could not submit *pro se* filings while represented by counsel. Appellant argues that he was in fact unrepresented as he asserts that counsel refused Appellant's request for assistance in withdrawing his guilty plea so that he could proceed to trial.

As noted above, Rule 460 provides that a defendant who enters a guilty plea on a summary charge may file an appeal to the Court of Common Pleas for a trial *de novo* "by filing a notice of appeal within 30 days after the entry of the guilty plea, the conviction, or other final order from which the appeal is taken. The notice of appeal shall be filed with the clerk of courts." Pa.R.Crim. P. 460(A). *See also* Pa.R.Crim.P. 460, cmt ("This rule was amended in 2000 to make in clear in a summary criminal case that the defendant may file an appeal for a trial *de novo* following the entry of a guilty plea"). The comment to Rule 460(E) specifically states that "[t]his rule shall provide *the exclusive means* of appealing from a summary guilty plea or conviction. Courts of common pleas shall not issue writs of *certiorari* in such cases." Pa.R.Crim.P. 460(E) (emphasis added).

In this case, Appellant pled guilty to summary retail theft and was sentenced before a magistrate on October 22, 2020. Thus, Appellant was required to file a notice of appeal to seek a trial *de novo* pursuant to Rule 460 by November 23, 2020.

Appellant did not file a notice of appeal pursuant to Rule 460 but instead filed a *pro se* "Motion to Withdraw Guilty Plea" on November 3, 2020 in which he specifically alleged that counsel refused to assist him in withdrawing his plea and preserving his "right to appeal." After the time period for filing an appeal had expired, on December 10, 2020, the trial court denied Appellant's "Motion to Withdraw Guilty Plea" which it deemed to be an improper *pro se* motion filed by a counseled defendant.

However, the trial court did not address Appellant's allegation in his November 3, 2020 motion that he was proceeding *pro se* because he repeatedly and promptly asked counsel to assist him in withdrawing his plea so that Appellant could go to trial, but counsel refused to do so. Instead, the trial court forwarded Appellant's Motion to Withdraw Guilty Plea to Atty. Holihan, who took no further action on Appellant's behalf.

Thereafter, Appellant filed his January 8, 2021 motion arguing that the trial court had erred in finding he was represented by counsel and thus could not submit a *pro se* filing. It was in this motion that Appellant submitted an exhibit which purported to be a letter from Attorney Holihan's dated October 29, 2020 letter in which counsel informed Appellant that he no longer represented Appellant and would not seek to withdraw Appellant's guilty plea.

The trial court did not resolve or respond to Appellant's January 8, 2021 motion.

Appellant then filed the five motions at issue in this appeal, again seeking to challenge the trial court's denial of his Motion to Withdraw. The trial court deemed these motions to be untimely filed post-sentence motions.

We decline to quash these appeals as untimely. We find that a breakdown in court processes occurred, under the facts of this case, when the trial court failed to resolve Appellant's repeated claims in his *pro se* motions filed on November 3, 2020, January 8, 2021, and January 19, 2021 that he was in fact unrepresented. Appellant had alleged that counsel had refused to comply with Appellant's repeated requests for assistance in withdrawing his plea so that Appellant could proceed to trial.

Accordingly, we conclude that the appropriate remedy in this case is to vacate the trial court's decision denying Appellant's five motions in this case and remand the case for the trial court to make a determination on whether Appellant's Motion to Withdraw Guilty Plea was a timely request to file an appeal for a trial de novo pursuant to Rule 460 and whether counsel refused to assist him such that Appellant was entitled to a reinstatement of his right to file an appeal for a trial *de novo*. **See Stock**, **supra**.

Orders vacated and remand for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2022