J-S08015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC M. LIVERING | : | |
| | : | |
| Appellant | : | No. 624 MDA 2022 |

Appeal from the PCRA Order Entered April 1, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000121-2019,
CP-38-CR-0001923-2018, CP-38-CR-0002043-2018,
CP-38-CR-0002069-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC M. LIVERING | : | |
| | : | |
| Appellant | : | No. 1678 MDA 2022 |

Appeal from the PCRA Order Entered April 1, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0002043-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC M. LIVERING | : | |
| | : | |
| Appellant | : | No. 1679 MDA 2022 |

Appeal from the PCRA Order Entered April 1, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000121-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC M. LIVERING | : | |
| | : | |
| Appellant | : | No. 1680 MDA 2022 |

Appeal from the PCRA Order Entered April 1, 2022
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0002069-2018

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:              **FILED: JULY 10, 2023**

Appellant, Eric M. Livering, appeals from the order entered on April 1, 2022, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we vacate the dismissal order and remand for additional proceedings consistent with this decision.

We briefly set forth the facts and procedural history of this case as follows.  On November 8, 2019, Appellant pled guilty to four counts of involuntary deviate sexual intercourse (IDSI) with a child, one count of IDSI with a person less than 16 years of age, two counts of indecent assault of a person less than 13 years of age, two counts of indecent assault of an unconscious person, one count of indecent assault of a person less than 16 years of age, and over 200 counts of child pornography, invasion of privacy,

_____

[*] Retired Senior Judge assigned to the Superior Court.

and depictions of sexual acts on a computer.[1]  On February 5, 2020, the trial court sentenced Appellant to an aggregate term of 15 to 40 years of incarceration.  Then, just over ten months later, on December 8, 2020, the Commonwealth filed a motion asking the trial court to determine whether Appellant should be classified as a sexually violent predator (SVP).  The trial court granted the motion on December 10, 2020 and scheduled a hearing.  Several court-approved continuances followed.  Before the trial court convened the SVP hearing, however, Appellant filed a *pro se* PCRA petition on October 27, 2021.  On November 5, 2021, the trial court held an SVP hearing.  On November 8, 2021, the trial court entered an order determining that Appellant was an SVP.  On that same day, the trial court also entered an order appointing PCRA counsel to represent Appellant.  PCRA counsel filed an amended PCRA petition on January 27, 2022.  The court denied PCRA relief, and appointed new counsel to represent Appellant, by order entered on April 1, 2022.  On April 22, 2022, PCRA counsel filed a notice of appeal.  In an opinion issued pursuant to Pa.R.A.P. 1925(a) on January 24, 2023, the court concluded that Appellant's *pro se* PCRA petition, together with his counseled and amended PCRA petition, were untimely:

> [Appellant] was sentenced on February 5, 2020 and his judgment of sentence became final on March 6, 2020.  His original PCRA [p]etition was not filed until well over a year later on October 27, 2021.  [Appellant] asserts no facts to place these claims within any of the exceptions to the one-year filing requirement of the

---

[1] 18 Pa.C.S.A. §§ 3121(b), 3123(a)(7), 3126(a)(7), 3126(a)(4), 3126(a)(8), 6312(d)(1), 7507.1(a)(1), and 6312(b), respectively.

PCRA. Therefore, [the court found it] was without jurisdiction to award any relief on the claims asserted.

Trial Court Opinion, 1/24/2023, at 3-4.

Before we address the merits of Appellant's appeal, we must first address jurisdiction. This Court has previously stated:

"The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." ***Commonwealth v. Montgomery,*** 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*), *appeal denied,* 190 A.3d 1134 (Pa. 2018) (cleaned up). A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3); ***see also*** Pa.R.A.P. 903(a) (explaining that an appellant has "30 days after the entry of the order from which the appeal is taken" to file an appeal).

"It is well-settled that '[a] PCRA petition may only be filed after an appellant has waived or exhausted his direct appeal rights.'" ***Commonwealth v. Smith,*** 244 A.3d 13, 17 (Pa. Super. 2020) (quotation omitted). "Indeed, '[t]he PCRA provides petitioners with a means of collateral review, but has no applicability until the judgment of sentence becomes final.'" ***Id.*** (quotation omitted). Therefore, a PCRA petition filed before the judgment of sentence becomes final is considered a "premature petition" and "does not constitute a first PCRA petition." ***Commonwealth v. Kubis***, 808 A.2d 196, 198 n.4 (Pa. Super. 2002). Instead, it is considered a legal nullity and, as such, the PCRA court must "dismiss[ ] the PCRA petition without prejudice as premature." ***Commonwealth v. Leslie,*** 757 A.2d 984, 985 (Pa. Super. 2000) (internal citation omitted); ***see Commonwealth v. Neisser,*** 2020 WL 603614, at *3 (Pa. Super. Feb. 7, 2020) (unpublished memorandum) (holding that the appellant "filed his PCRA petition prior to the finality of his judgment of sentence" and, as such, the appellant's "filing was a legal nullity, and the PCRA court lacked authority to consider it and should have dismissed it without prejudice toward [the a]ppellant's right to file a PCRA petition once the time for him to file a direct appeal had expired").

*Commonwealth v. Fountain*, 2023 WL 2787377, at *2 (Pa. Super. April 5, 2023) (unpublished memorandum).[2]

Pennsylvania courts may not enlarge their statutory authority to entertain claims for collateral relief, whether by way of addressing premature filings (*i.e.* those submissions made before a judgment of sentence becomes final) or claims lodged in an untimely manner (*i.e.* those claims filed after the one-year time bar has elapsed and where no timeliness exception has been alleged and proven). As stated, premature petitions must be dismissed. ***See id***. Moreover, it is well-settled that "there is no generalized equitable exception to the jurisdictional one-year time bar pertaining to post-conviction petitions." ***Commonwealth v. Harris***, 972 A.2d 1196, 1200 (Pa. Super. 2009) (citation omitted). "The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." ***Id.*** (citation omitted).

The foregoing principles apply with equal force where criminal proceedings before the trial court encompass both the imposition of a criminal sentence and a determination of whether the defendant meets the criteria of an SVP. An "SVP determination is done by the sentencing court in what is typically considered a 'sentencing/SVP hearing' at which time the court receives evidence on the SVP issue, including a report and testimony from [a]

---

[2] ***See*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

representative [from the Sexual Offender's Assessment Board]." ***Id.*** at 1201. Thus, the ***Harris*** Court determined that the term "judgment" under the PCRA "is not limited to the court's sentence of incarceration, but also includes [an SVP] determination." ***Id.*** at 1202; ***see also Commonwealth v. Schrader***, 141 A.3d 558, 561 (holding that even when the defendant waives a pre-sentence SVP determination, judgment of sentence does not become final until an SVP determination is rendered).

Here, the trial court imposed its sentence on February 5, 2020, but Appellant's PCRA petition was premature because it was filed before the trial court made an SVP determination over 21 months later on November 8, 2021. ***See Neisser,*** 2020 WL 603614 at *2; ***Harris***, 972 A.2d at 1200-1201. Consequently, Appellant's PCRA petition was a legal nullity. ***Id.*** For this reason, Appellant's appeal is subject to quashal. ***See id.*** ("Case law is clear that a premature PCRA petition must be quashed."); ***see also Smith,*** 244 A.3d at 17 (quashing appeal because the appellant filed a PCRA petition prior to his judgment of sentence becoming final, rendering the PCRA petition and the PCRA court's order denying it legal nullities). We are not permitted to fashion an *ad hoc* equitable exception to the PCRA to excuse the trial court's error.

In this instance, however, defense counsel, the Commonwealth, and the trial court were mistaken that Appellant's judgment of sentence became final when the sentence of total confinement was imposed, rather than after the SVP determination had been rendered. As such, Appellant's judgment of

sentence did not become final until December 8, 2021, or 30 days after the November 8, 2021 SVP determination.[3]  **See** 42 Pa.C.S.A. § 9545(b)(3) ("[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); **see also** Pa.R.A.P. 903(a) (Notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal was taken."). Therefore, by incorrectly treating Appellant's pro se filing as an untimely PCRA petition, Appellant was effectively denied his right to file post-sentence motions and a direct appeal.[4]

"There shall be a right of appeal in all cases to … an appellate court." Pa. Const. Art. V, § 9.  "A direct appeal in a criminal proceeding lies from the judgment of sentence."  **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa. Super. 2007) (citation omitted). "Generally, an appellate court cannot extend the time for filing an appeal."  **Id.** at 498 (citation omitted). "Nonetheless, this general rule does not affect the power of the courts to grant relief in the case of fraud or breakdown in the processes of the court."  **Id.**

---

[3] Our calculations reveal that Appellant, who filed his pro se PCRA petition on October 27, 2021, actually made this submission 42 days **before** his judgment of sentence became final on December 8, 2021.

[4] This fact dovetails with Appellant's current appellate argument that he wanted to appeal his guilty plea open sentence "if the maximum was more than thirty (30) years" and "that he thought [trial counsel] was going to appeal the sentence because the maximum was set at forty (40) years and not thirty (30) years."  Appellant's Brief at 9.

(citation omitted). "The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." *Id.* (citation omitted). Pennsylvania Rule of Criminal Procedure 704(C)(3)(a) states that, at the time of sentencing, "[t]he judge **shall** determine on the record that the defendant has been advised ...", *inter alia*, "of the right to file a post-sentence motion and to appeal, ... [and] of the time within which the defendant must exercise those rights." Pa.R.Crim.P. 704(C)(3)(a) (emphasis added). The Comment to Rule 704 provides that "[t]his rule is intended to promote ... fair sentencing procedures ... by requiring that the defendant be fully informed of his or her post-sentence rights and the procedural requirements which must be met to preserve those rights."[5] Pa.R.Crim.P. 704, Comment.

_____

[5] Upon our review, the trial court docket reflects that Appellant was represented by counsel from the public defender's office at his SVP hearing. It further appears from the trial court docket, however, that the transcripts from Appellant's SVP hearing were neither ordered nor transcribed. We, therefore, are unable to confirm based upon the notes of testimony whether Appellant was properly apprised, on the record, of his post-sentence and direct appeal rights. Nevertheless, we note that, upon review of the written order classifying Appellant as an SVP (which was served upon defense counsel), the trial court did not apprise Appellant of his post-sentence or direct appeal rights. Simply put, Appellant, the trial court, defense counsel, and the Commonwealth all appear to have operated under the mistaken view that Appellant's judgment of sentence became final 30 days after the trial court imposed a term of incarceration on February 5, 2020, rather than 30 days after the trial court classified Appellant as an SVP on November 8, 2021. In our view, the failure to advise Appellant, on the record, of his post-sentence and direct appeal rights constitutes a departure from the letter and spirit of

*(Footnote Continued Next Page)*

Our resolution is entirely consistent with the view that "an accused who is deprived entirely of his right of direct appeal by counsel's failure to perfect an appeal is *per se* without the effective assistance of counsel, and is entitled to reinstatement of his direct appellate rights." **Commonwealth v. Mikell**, 968 A.2d 779, 781 (Pa. Super. 2009) (internal citation and quotations omitted); **see also Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999) (failing to file a requested direct appeal denies the accused the assistance of counsel and the right to a direct appeal, and the accused is entitled to reinstatement of his direct appeal rights). "When a party has filed an untimely notice of appeal, however, appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances." **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001), *citing* **Commonwealth v. Stock**, 679 A.2d 760, 763-764 (Pa. 1996). Our Supreme Court has also observed that "where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court." **Id.** (citation omitted).

---

our rules of criminal procedure. In these circumstances, we are constrained to conclude that a breakdown in the judicial system has occurred. **See Patterson, supra. Patterson** holds that a breakdown in the judicial system occurs when the trial court fails to advise the defendant of his post-sentence and direct appeal rights pursuant to Rule 704 and we think that such a failure here was the root cause of the procedural missteps that deprived Appellant of his procedural rights.

Taken together, we find that the trial court and trial counsel erred in failing to properly identify Appellant's final judgment, failing to advise Appellant of his rule-based and constitutional rights, and, thereafter, compounded their errors by erroneously litigating and adjudicating a patently premature *pro se* PCRA petition. Since the trial court and trial counsel have essentially deprived Appellant of his constitutional right to a direct appeal, we decline to quash this appeal despite the filing of a premature PCRA petition. Instead, we vacate the order entered on April 1, 2022. Consistent with this decision, we remand this matter to the trial court for the entry, on the record, of an explanation of Appellant's post-sentence and appellate rights pursuant to Pa.R.Crim.P. 720, including an order granting Appellant *nunc pro tunc* relief to file a post-sentence motion or a direct appeal.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/10/2023